## THE STATE, JEREMIAH DOYLE & CO., PROSECUTORS, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK.

1. The charter of the city of Newark requires certain ordinances to be published for a certain time, and in a certain manner, between their second and third readings. Such an ordinance having been read a second time, and ordered to a third reading, was reconsidered and taken up, and the vote of the last meeting ordering it to a third reading reconsidered, and a section of the ordinance materially amended. It was then, at the same sitting, ordered to a third reading, and finally passed: *held*, that when the vote ordering it to a third reading was reconsidered, and the proposed ordinance put again upon its second reading, it could not be lawfully read again without the notice required by the charter.

2. A *certiorari* for the purpose of removing an assessment, brought within a reasonable time after the assessment was ratified and confirmed, will not be dismissed because the ordinance which is thus brought incidentally in question was passed a long time previous.

---

On *certiorari* to remove assessment.

HAINES, J. The assessment removed by the writ in this case is clearly defective, and as to the prosecutors, must be set aside. The ordinance providing for the regulating, grading, and paving of the street in question, and under which the expenses were incurred, was not lawfully passed.

First. It was not in pursuance of the notice of the proposed improvement.

On the first of April, 1859, a resolution was passed, expressing the intention of the common council to order and cause North Broad street to be regulated, graded, and worked. to the established grade, &c., and directing the street commissioners to give public notice of that intention. Assuming that the notice was duly given, of which however there is no evidence before us, the ordinance, which was passed to carry into effect that intention, was not in accordance with. the notice. The grade of the street at the date of the resolution, and at the time the notice should have been given, was that which had been established on the 6th of August, 1852. On the 3d of June, 1859, the grade was altered.

The ordinance for improvement, passed June 17th, 1859, referred to the grade then established, the grade of 1859, and not to be that of 1852, which was the established grade contemplated by the notice. The ordinance referred to the grade of 1859, the notice to that of 1852. Owners of property, who saw the notice of the intention expressed on the first of April, and its reference to the then existing grade, may have been satisfied with such an improvement, and have had no reason to make objection to it, and yet may have been surprised and aggrieved by an ordinance which required them to work to a different grade, and which they had no opportunity to oppose.

Secondly. The ordinance is defective for the further reason, that it was not published according to law. The 29th section of the charter of March 11th, 1857, provides that every ordinance involving expenditure of money or affecting personal property shall be published, for the space of ten days, in two daily newspapers printed and published in the

city of Newark, between its second and third reading. On the third of June, the ordinance in question was read the second time, and ordered to have a third reading. On the 17th of June, it was taken up on a third reading, and on motion, the vote of the last meeting, ordering it to a third reading, was reconsidered, and the first section amended by adding the words, "except the westerly side thereof, between the Newark and Bloomfield turnpike and the line of Belleville township." And it was then, at the same sitting, ordered to a third reading, and finally passed. The amendment was in a material matter. It excepted from the proposed work the flagging of the sidewalk on the west side of much the larger portion of the street, yet no notice whatsoever of the alteration was given, or of the proposed ordinance as so amended. That which had been published provided for the flagging of both sides of the street, in its whole length ; the ordinance passed, excepted the flagging of nearly all one side of it; and property owners, who were required to pay the expenses of it, may with propriety allege that they are aggrieved thereby. The charter contemplates that the common council, in their legislative capacity, act in accordance with the well established rules of parliamentary bodies, and that all amendments are made, and the proposed ordinance perfected on the second reading ; and that the notice given between the second and third reading will inform parties interested of the precise character of the improvement intended. When the vote ordering it to a third reading was reconsidered, the proposed ordinance was again put upon its second reading, and could not lawfully be read again without the notice required by the charter. Had such notice been given, objections might have been presented, and reasons shown to prevent the final passage. In the absence of such notice, parties are surprised by an ordinance quite different from that, of which the former notice was given. There were other objections presented on the argument, but it is unnecessary to consider them at this time.

It is insisted, on the part of the defendants in *certiorari*,

State v. Council of Newark.

that the objections to the proceedings come too late.    It is true the ordinance was passed on the 17th June, 1859, and the writ of *certiorari* was not allowed until March, 1862.    But it appears that the assessment complained of was not ratified and approved until the 10th February, 1862.    The court, in the exercise of its discretion in granting writs of *certiorari*, has usually required them to be brought within a reasonable time after the cause of complaint arose.    Had this writ been directed to the removal of the ordinance only, it would have been denied; or if through inadvertence allowed, it would have been dismissed as soon as the *laches* came to the knowledge of the court.    *Haines* v. *Campion*, 3 *Harr.* 61; *State* v. *Kingsland*, 3 *Zab.* 85; *State* v. *Everett*, *Ibid.* 579; *State* v. *Woodward*, 4 *Halst.* 21; *State* v. *Newark*, 1 *Dutcher* 400; *State* v. *Jersey City*, 2 *Dutcher* 444; *State* v. *Jersey City*, *Malone*, *prosecutor*, decided at February term, 1863.    *Ante* 247.

But the writ removes also the assessment, and was brought within two months after its ratification and approval.    The ordinance is before us; and as it is the foundation of the whole proceedings, we are obliged to examine it, in order to ascertain the validity of the assessment, and it is thus brought incidentally in question.    The complaint is, that the assessment is erroneous, the result of an illegal ordinance, and that the prosecutors are aggrieved by it.    They could not know how it would affect them till the assessment was made and ratified.    There was no want of diligence in prosecuting the writ of *certiorari*.    This is in accordance with the opinions expressed in the cases of *The State* v. *Newark*, 1 *Dutcher* 400; *The State* v. *Jersey City*, 2 *Dutcher* 444; *The State* v. *City of Hudson*, 5 *Dutcher* 475.

Let the assessment, as to the prosecutors, be set aside, and for nothing holden.

ELMER, J., concurred.

CITED in *State* v. *Atlantic City*, 5 *Vroom* 101; *State, Gregory, pros.*, v. *Jersey City*, 5 *Vroom* 434; *State* v. *Blake*, 6 *Vroom* 213; *State* v. *West Hoboken*, 8 *Vroom* 82.