State, Kerrigan, pros., v. Township of West Hoboken.

---

## STATE, JAMES KERRIGAN, PROSECUTOR, v. TOWNSHIP OF WEST HOBOKEN.

1. An assessment for damages and benefits, in laying out, opening, widening, and improving two streets, parts of which do not form a continuous line of improvement, and under distinct ordinances passed at different times, but all blended in one appointment of commissioners, report, and assessment, is illegal.

2. The law must provide a method for condemning land for streets, before such streets are opened and assessments made.

3. A report of commissioners, written on their map, giving only the names of the property owners, size, and number of lots, and the amount assessed to each, without showing upon what principle the assessment is made, is irregular, and will be set aside.

4. Although the time limited by the statute for reviewing an ordinance for improvements has passed, yet if the assessment is brought up in time, the court will consider the act and ordinance in determining the legality of the assessment.

On *certiorari* to remove the assessment for opening and improvement of Hudson avenue and Mountain road.

Argued at November Term, 1873, before Justices BEDLE, DALRIMPLE and SCUDDER.

For the prosecutor, *I. W. Scudder.*

For the defendant, *J. B. Vredenburgh.*

The opinion of the court was delivered by

SCUDDER, J. · On petition, the township committee of the township of West Hoboken, passed an ordinance, September 9th, 1868, (1) to open a street fifty feet wide, from the first station of the Mountain road, northerly, to Weehawken street; (2) that the roadway and sidewalks of the street and that part of Mountain road from the first station, southerly, to Mr. Stevens' line, be graded and regulated to the full width ; and that the sidewalks on both the said streets be flagged from Weehawken street to Mr. Stevens' line, and proper crosswalks laid.

April 8th, 1869, another ordinance was passed, that the width of Mountain road should be increased to fifty feet from its southerly termination at Stevens' line, to its intersection with Charles street, by taking so much land from the westerly side thereof, as might be necessary for that purpose ; and also that the said Mountain road should be widened to the width of forty feet from its intersection with Charles street to John street, by taking so much land as might be necessary for that purpose, from either or both sides of said Mountain road.

December 3d, 1872, a third ordinance was passed, requiring the township treasurer to collect the assessment made for the opening, widening, and improvement of Hudson avenue and a portion of Mountain road, from Charles street, south, to Stevens' line, now known as part of Hudson avenue, within thirty days, as per map and report of the commissioners for said improvement, which was filed in the township clerk's office, September 24th, 1872, the same having been confirmed by the township committee at their meeting held November 19th, 1872.

November 16th, 1871, three commissioners were appointed for Hudson avenue improvement.

January 18th, 1869, the contract was executed and signed by Thomas Brenan and his surety on the one side, and the township treasurer upon the other side, for grading the roadway and sidewalks of the new street, Hudson avenue, from Wechawken street to the first station of Mountain road, from said station, southerly, to Mr. Stevens' property, and flagging the sidewalks of said streets.

The commissioners reported two maps, with the assessments to each lot and owner. (1) For the opening and widening of Hudson avenue. (2) Assessment map for Hudson avenue, for grading, flagging, and draining. On the first assessment map, the prosecutor, James Kerrigan, is awarded $1203.12 for damages, and charged $409.50 for benefits, leaving him a credit balance of $793.56. On the second assessment map he is assessed $1865.78 for improvements. His lot of land is on Mountain road, south of Charles street. These assessments, ordinances, and proceedings, are brought before us by *certiorari*; and the reasons for setting aside the assessments will be briefly considered.

The first reason urged is, that two ordinances, passed more than six months apart, and embracing different matters, have been referred to the same commissioners, and have been acted upon by them, as if there were but one street to be opened or widened, and improved by grading, flagging, &c.

The first ordinance opens a new street from Weehawken street on the north, to the Mountain road, where it is joined by Charles street, at the first station; and, in the second section, grades and regulates the roadway and sidewalks of the new street, and of Mountain road south of Charles street, southerly, to Mr. Stevens' line.

If this were all, it might be said, as it was argued, that the Mountain road, running southerly from Charles street, is but a continuation of the new Hudson avenue, and they are substantially the same improvement. There might be no objection to opening the street and improving its whole length, with the part of Mountain road added, and making the assessment by one set of commissioners, appointed by resolution or ordinance, for that purpose. For section 1 of the act of 1868, p. 595, authorizes the township committee, by ordinance, to provide for the laying out, opening, altering, widening, filling up, grading, guttering, flagging, &c., roads and avenues, and any part thereof, all of which shall be assessed by three commissioners appointed by the township committee. It is not the case, therefore, where different commissioners, with other modes of appointment and other forms of procedure, are chosen for the performance of various duties; but the appointment of commissioners to open a street and assess damages and benefits; and then to improve that street and a part of another, with which it formed a continuous street, assessing the costs and expenses by another and distinct assessment, all under the same section of the act, and by the same authority. Perhaps there might be no valid objection to including all these matters in one ordinance, where all are substantially the same improvement, completed in a convenient form.

But the second ordinance of April 8th, 1869, adds to this the widening of Mountain road, not only from Charles street southerly to Stevens' line, which is a continuation of Hudson avenue, but also northeasterly to where it is intersected by John street. This last course is entirely out of the line of Hudson avenue.

So far as appears in this case, the commissioners' were ap-

pointed only to assess for the Hudson avenue improvement, and the assessment maps filed refer only to such improvement, but the prosecutor is assessed under the second ordinance for widening Mountain road, which is therein directed to be widened from Stevens' line to Charles street, and thence northerly to John street. There is also no report and no statement showing how the prosecutor was assessed, except the name, the number of the lot, the character of the work and the figures. Section 1 of the act of 1868, requires that all the costs and expenses of the improvement shall be determined and assessed by three commissioners, upon all the lands fronting thereon, in proportion to the benefit received by said land and real estate, &c. It no where appears that this principle or any other was observed by the commissioners.

There are, therefore, different objects in these two ordinances which are not proper to be joined in one assessment; and the report does not show that the lands were assessed in proportion to the benefit received.

But there is another serious difficulty still in this case, for while section 1 of the act of 1868, gives the township committee the power by ordinance to lay out, open, alter and widen streets, it no where provides for the assessment of the owner's damages. It does not say how the land owner shall get his pay for the land taken for opening or widening a street. The costs and expenses of improvements are provided for, (p. 597,) and the commissioners are required to report what real estate fronting on said improvement ought to be assessed, and what proportion of the expense thereof, shall be assessed to each separate parcel or lot of land ; but it does not say they shall report the damages the land owner may sustain by taking his lands, with or without deduction for benefits. There is no recognition even of his right to damages, and when the ordinance was passed to take his lands to widen a street, there was no method provided by which he could get compensation. The council had no power to extemporize a method. It need hardly be argued that such omission in the law is fatal to an ordinance under it, condemning lands.

It is said however that it is too late to urge these objections; that by section 4 of the act of 1868, (*p.* 599,) no *certiorari* shall be granted to set aside any ordinance for improvements in said township after the contract therefor shall be awarded by the township committee of said township.

The words "improvements" and "contract therefor," more properly refer to grading, paving, guttering, flagging, &c. The condemnation of land for laying out, opening or widening a street, is not usually thus designated. This distinction may however be too nice, as all are included in the same section.

But further time is given for bringing up the assessment. By the same section, three months after, the confirmation of the assessment by the township committee is allowed for a review. This assessment was confirmed November 19th, 1872; on December 14th, 1872, the *certiorari* was issued. It was therefore in time to remove the assessments; and with it came the ordinances and the act of the legislature on which the assessment is founded.

The act and ordinance are incidentally and necessarily before us in order to determine the validity of the assessment, and while by the limitation of the act, a *certiorari* might not be allowed to bring up the ordinance specifically, yet where the assessment is properly here, the court must look at the authority upon which it is based.

In *State, Doyle, pros.,* v. *City of Newark,* 1 *Vroom* 306, it was objected that the *certiorari* was too late, for the ordinance there was passed in 1859, and the writ of *certiorari* was allowed in 1862, but as the assessment was in 1862, the court approved the allowance, examined the illegal ordinance and set the assessment aside.

Here, notwithstanding the limitation of the statute, the court will consider the ordinances and the proceedings under them. As has been said, the act is defective in failing to provide a method of condemning lands to be taken for streets; the ordinances are illegal, because based on this law, and also because the two ordinances passed at different times, relate to

State, Kerrigan, pros., v. Township of West Hoboken.

different subject matters, and the assessments should not be joined ; the report of the commissioners is also defective in not showing the principle of proportion of benefits required by the statute. The assessment against the prosecutor for improvements, and in his favor for damages, are set aside for these reasons.