WILLIAM S. STUHR, PLAINTIFF IN ERROR, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF HOBOKEN, DEFENDANTS IN ERROR.

1. The intention of the legislature in forbidding, under the charter of Hoboken, that the salary or compensation of an officer which has once been fixed shall not be increased during the continuance of his term, was to prevent council from giving to an officer during his term

a larger salary or more compensation than that which was fixed for his office when his term began.

2. Where, after an ordinance is passed fixing a salary for the next ensuing term, an officer is elected, the ordinance will fix the salary for that term, although it did not, becáuse of the necessity of publishing it, take effect until after the term began.

Error to the Supreme Court.

For the plaintiff in error, *Wm. S. Stuhr, in pro. pers.*

For the defendants in error, *Theodore Ryerson.*

The opinion of the court was delivered by

THE CHANCELLOR.  By a supplement to the charter of the city of Hoboken it is provided that the salary or compensation of any officer which has once been fixed shall not be increased during the continuance of his term of office.  On the 22d of April, 1884, an ordinance was passed (over the mayor's veto) providing that from and after the first Monday of May then next, the salary of the corporation attorney (which was then fixed at $1200 a year) should be $2000 a year.  That ordinance could not, by the provisions of the charter, go into effect until it had been published twenty days. It went into effect on the 17th day of May.  The plaintiff was appointed corporation attorney on the 5th of May, and qualified the next day.  His term of office was one year, commencing on the first Monday in May.  The question is whether his salary is fixed by that ordinance, seeing that it did not go into effect until after his term of office began.  It will have been seen that the ordinance was passed before the plaintiff's term commenced, although it did not go into effect until afterwards.  The intention of the legislature in forbidding that the salary or compensation of an officer which has once been fixed shall not be increased during the continuance of his term, was to prevent the council from giving to an officer, during his term, a larger salary or more compensation than that which was fixed for his office when his term began.

By the ordinance in question the council, in April, fixed the salary of the corporation attorney for the year beginning on the first Monday in May then next; that is, for the next ensuing term. Although the ordinance did not, because of the necessity of publishing it, take effect until after the term began, it nevertheless fixed the salary for that term. And having been passed before the term, the plaintiff took his office with a right to the benefit of its provisions, provided it should become a law. To give the ordinance such effect is not in contravention of, but in accordance with, the intention of the legislature.

The judgment of the Supreme Court should be reversed.

*For affirmance*—DIXON, MAGIE, CLEMENT. 3.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, PARKER, SCUDDER, VAN SYCKEL, BROWN, PATERSON. 8.