Humphreys v. Mayor and Council of Woodstown.

---

EDWARD B. HUMPHREYS, PLAINTIFF IN ERROR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF WOODS-TOWN, DEFENDANTS IN ERROR.

1. The charge of the court, or refusal to charge, can be assigned for error only when the party objecting or requesting is injured by the ruling.
2. A recorded road return cannot be attacked collaterally, and cannot be adjudged void, except in direct proceedings to set aside.
3. If a request to charge be not supported by any evidence in the case, it is not error for the court to refuse to charge as requested.
4. The seventy-eighth section of the Road act refers to cases where no part of the road has been opened and used.
5. The court has the right to put in proper legal form a verdict, if it be not changed in substance.

The action below was in ejectment, and was brought by the defendants in error (the plaintiffs below) to obtain possession of a strip of land claimed by them to be a part of a public street or road in the borough of Woodstown, which strip the plaintiff in error (the defendant below) in 1865 enclosed, and has since occupied, to the exclusion of the public.

For the plaintiff in error, *M. P. Grey* and *S. H. Grey*.

For the defendants in error, *C. H. Sinnickson* and *W. E. Potter*.

The opinion of the court was delivered by

PARKER, J.   A suit in ejectment was brought by the mayor and council of the borough of Woodstown against Ed-

ward B. Humphreys, to recover possession of a parcel of land in said borough, containing forty-seven square feet.

The nature of the controversy between the parties is briefly stated in the bill of particulars furnished by the plaintiffs before the trial, which, by consent of counsel, was made part of the record. In it the plaintiffs claim that the premises in question are included within the bounds of a public road or street in the borough of Woodstown, and that said road or street, including the *locus in quo*, had been used by the public as a road for more than twenty years, and had become a public highway by user. It was also claimed that a public road, including the land, the possession of which was in dispute, had been laid out by surveyors of the highways in the year 1820, and the return of same, in August of that year, recorded in the clerk's office of the county of Salem.

At the trial a number of witnesses were called and examined upon the question of user. The plaintiffs also offered in evidence the book of minutes of the Court of Common Pleas of the county of Salem of June Term, 1820, containing the order of the court appointing surveyors of the highways to lay out a public road. The return of the road laid out by the surveyors, dated August 19th, 1820, was also offered. To these offers objection was made, not on account of the mode of proof, but because of alleged defects and irregularities in the proceedings of the surveyors appearing on the face of the order and return. The objections were overruled, the evidence admitted, and exception taken.

Upon the question of user the judge charged the jury first to determine and return, as matter of fact, whether the *locus in quo* had been used for a public road, running over the place in dispute, for more than twenty years before the year 1865, the time of the erection by defendant of the railing and cellarway complained of.

The judge further charged that if the jury found that question in the affirmative they need not proceed further in the investigation, but return a verdict for the plaintiffs; but if they were not satisfied, from the evidence, that there was a

public road there by user for a period of over twenty years previous to 1865, including the *locus in quo*, then they should proceed to inquire and to determine whether the public road laid out and returned by surveyors of the highways August 19th, 1820, included within its bounds the *locus in quo*.

When the jury rendered their verdict the judge was not present, and, by consent of counsel, the clerk received it. The verdict rendered by the jury was as follows, viz. : " We find for the plaintiffs, and we find that the place in dispute was within the limits of a public street for a period of at least twenty years anterior to the erection of the railing and cellar-way by the defendant in 1865."

Application upon notice was made to the court to mould the verdict into proper form, which was heard, and the judge thereupon made the following order, viz. : " It appearing to the court that the jury empaneled in above-stated cause did find and return a verdict in said cause, which, as recorded by the clerk, is as follows, viz., [as above stated,] and application being made to the court to mould said verdict into proper form, and it appearing that due notice of the making of this application hath been given to the attorney of record of the said defendant, and the court having heard such application, and having duly considered the matter in question : it is, on this 26th day of October, A. D. 1885, ordered, on motion of the attorney of record of the plaintiffs, that the verdict of the jury aforesaid be and the same is hereby amended and moulded into proper form, so that the same shall read as follows, viz. : ' We find that the said defendant, Edward B. Humphreys, is guilty in manner and form as the said plaintiffs, the mayor and council of the borough of Woodstown, complained against him, and we do assess the damages of the said plaintiffs, over and above their costs and charges, to six cents, and we do also find that the place in dispute was within the limits of a public street for a period of at least twenty years anterior to the erection of the railing and cellar-way by the defendant in 1865.' And it is further ordered that the clerk of the court make entry of the verdict returned by the jury

aforesaid in manner and form as the same is hereinabove molded and amended by the court."

Thus it appears that the jury found the *locus in quo* to be in a public highway made so by user for more than twenty years before the occupation thereof by defendant in 1865, and upon such finding the plaintiffs were entitled to judgment of possession, whether the public road laid out in 1820 by surveyors of the highways included the premises in dispute or not. The jury did not pass upon any question, except whether the premises were within a public highway made so by user; and finding that issue in the affirmative, it was not necessary for them to consider, and they did not consider, and determine whether the disputed premises were within the bounds of the public road laid out in 1820.

The exceptions taken at the trial related to the admission of evidence, and refusals to charge in reference to the public road laid out in 1820. As the verdict was based alone on the fact of a highway by user, which included the *locus in quo*, the admission in evidence of the minutes of the Court of Common Pleas, and the return of the road laid out in 1820, could not affect the result. The plaintiffs were entitled to a verdict whether that evidence was legal or not.

So, also, it matters not whether the trial judge was right or wrong in refusing to charge as requested, because the requests related to the road laid out in 1820, a subject which was eliminated from the cause, when the jury based their verdict solely upon the fact of a highway by user, including the *locus in quo*.

If the judge had erred in admitting in evidence the book of minutes and the return of the surveyors, and in refusing to charge as requested, no injury to the defendant resulted, because the verdict was grounded only on the question of user, in relation to which no exception to evidence or to the charge was taken. The charge of the court, or refusal to charge, can be assigned for error only when the party objecting or requesting is injured by the ruling.

The counsel for the plaintiff in error insist that the admission of the return of the public road of 1820, by the surveyors

of the highways and the book of minutes of the Court of Common Pleas injured the defendant, because it tended to incline the jury to the result they reached on the question of user. The argument is that if the jury had evidence before them that a public road had been laid out by surveyors of the highways, over the locality in question, more than sixty years previous, they would be more likely to reach the conclusion that there was a highway there by user. It is difficult to perceive how this could be possible, in view of the charge of the court, which submitted to the jury the questions separately in clear terms. The judge charged distinctly that the jury should *first* consider and determine whether the place in dispute was within the limits of a public highway created by user for more than twenty years, and if they so found they need not go further, but return a verdict for the plaintiffs; but if they did not so find, then they might proceed to the consideration of the question whether the premises in dispute were within the bounds of the public road laid out in 1820.

But suppose the admission in evidence of the book of minutes, and the return of the surveyors, did have some influence upon the jury, tending towards the result arrived at, and manifested by their verdict, if such evidence was not illegal the judgment entered on the verdict will not be disturbed. It is clear that the judge did not err in admitting the evidence.

It will be observed that no objection was made to the mode of proof, but it is contended that upon inspecting the order for the appointment of surveyors of highways, and the return of the road, there appears on the face of the papers that there was a non-compliance with the law in respect to jurisdictional requirements, which rendered the return of the road illegal and of no probative force, and therefore inadmissible as evidence. One alleged defect is that it does not appear that proof was made before the surveyors that the advertisements of their meeting had been set up according to law, or that any notice whatever of their meeting had been given. Another alleged defect is that while it appears on the face of the return that only five of the surveyors signed it, it does

not appear whether the sixth surveyor was present, or if he had notice of the meeting.

If these objections to the legality of the return of the road had been made before the Court of Common Pleas of the county of Salem, in 1820, at the term succeeding the coming in of the return, it is probable it would have been set aside by that court; and if not set aside there, the proceedings might have been removed, within the time limited by law, to the Supreme Court, where they would undoubtedly have been declared illegal. But the legality of the return cannot be questioned in this cause, by reason of alleged unlawful action, or want of action, by the surveyors of the highway. The Court of Common Pleas had at that time jurisdiction over the subject matter, but a recorded road return cannot be attacked collaterally. At this distant period of time, upon the production and proof of a road return, the court will presume that whatever was necessary to make the return valid was done, and a party will not be permitted to go behind the return, to question the proceedings.

In *Frame* v. *Boyd*, 6 *Vroom* 457, it was decided that the return of a public road was a proceeding in the course of judicial action. The Court of Common Pleas, under a well-settled course of adjudication, had full power to set the return aside, if defective. If not set aside, it was the duty of the court to order the return recorded, and this involved judicial inquiry. The opinion in the case just cited holds that the return of a public road is not merely a statutory proceeding outside the court, filed in the office, over which the court has no control, but, although statutory, it is part of a judicial proceeding. The recorded return of a road is equivalent to a judgment, and cannot be questioned collaterally.

In direct conflict with the uniform practice of the Courts of Common Pleas of the various counties of this state, and in opposition to the decisions of the courts, the counsel for the plaintiffs in error cannot successfully contend that the Court of Common Pleas has jurisdiction over the subject of roads only to the extent of deciding whether proper notice of the

application had been given, and selecting the surveyors to serve, and that when that had been done, the jurisdiction of the court ceased. If the Court of Common Pleas was invested with such power only, it might be considered a tribunal of special and limited jurisdiction, and the result of its action might be impeached collaterally, when jurisdictional facts did not appear. But the Court of Common Pleas, in regard to the subject under consideration, is a court of general jurisdiction. The Road act of 1818, under which the road in question was laid, is similar to the present act, the eighth section of which provides that if no *caveat* be entered, the clerk shall, *by order of the court*, record the return, and every road so recorded shall be a lawful highway. Should there be a *caveat*, and the return not be set aside by the Court of Common Pleas, and application be made for review by chosen freeholders, the court appoints them, and when they make their certificate the same has no binding effect until the court orders it to be recorded. Thus it is seen that the Court of Common Pleas had jurisdiction over the subject matter.

In *Tainter* v. *Morristown*, 4 *C. E. Green* 46, where the return of a road came up collaterally it was decided that it could not be adjudged void for any irregularity or deficiency, and that where the road had been used under the return, the court would presume that the proceedings of the surveyors were lawful, although facts requisite to give the surveyors jurisdiction did not appear.

The evidence admitted was legal, and there was no error in the ruling of the court to receive it.

The seventy-eighth section of the Road act provides that all public roads having been laid out by surveyors or otherwise, and not opened, worked or used, for more than twenty years next before the 24th day of March, 1859, shall be considered and are declared by said section to be vacated. In view of this section the counsel of defendant requested the court to charge that if the jury believed that the road of 1820 was not opened and used over the *locus in quo* for twenty years or more next after the same was laid out, then it was, to

the extent of the *locus in quo*, vacated. The court properly refused so to charge. There was no evidence showing that the *locus in quo* was not used as part of a public highway for twenty years or more after it was laid out. A request to charge must be supported by evidence, and if a request be made which is not supported by any testimony, and the court refuses to charge as requested, it is not error. *Davison* v. *Schooly*, 5 *Halst.* 145.

The question upon which a charge is requested must appear not to be merely hypothetical, but must be warranted by the evidence, and necessarily involved in the verdict. *Allen* v. *Wanamaker*, 2 *Vroom* 370.

The proposition contained in the request is not the law. The section in the Road act just cited refers to cases where no part of the road laid out has been opened and used. A road may be opened, used and worked throughout its entire length and yet not used and worked on every foot of its entire breadth, and if the *locus in quo*, being within the lines of the road, was not actually passed over by the wheels of vehicles, it would not therefore be vacated. It has been settled in this state that encroachment on a highway cannot be legalized by lapse of time. If the public once acquires a right to any part of a road it cannot be lost by negligence of public officers. 4 *C. E. Green* 59. In that case the Chancellor said that " time does not run against the state or the public. To protect highways from encroachments, which it is the business of no one to resist, requires that the public be allowed to resume its rights at any distance of time, disregarding any loss to those who have appropriated it and erected improvements on the public domain."

The last assignment of error is directed against the power of the court to mould the verdict of the jury. The attorney of plaintiff in error, attending upon notice, made no objection to the court directing the verdict put in proper form, nor did he except to the order made by the judge on that subject. Under the circumstances, counsel of the plaintiff in error has no right now to be heard on that question. But supposing the question

properly before this court, it is clear that there was no error in the ruling. The verdict was not changed in substance, but only put in proper form. This practice is of almost daily occurrence. It is seldom that a verdict is stated by the jury with technical correctness. The one hundred and thirty-eighth section of the Practice act (*Rev., p.* 869,) gives ample power to the court, in order to prevent the failure of justice by formal objections, to amend as may be necessary to determine the question in controversy. It has been decided repeatedly, in this and other states that if the point at issue can be concluded from the finding of the jury the court will mould it into form and give it due and legal effect. *Stewart* v. *Fitch,* 2 *Vroom* 17; *Price* v. *N. J. R. R. & T. Co., Id.* 229; *Phillips* v. *Kent,* 3 *Zab.* 155.

The right of the borough to bring the suit was not controverted, and the court has not therefore considered that question.

There being no error in the rulings of the court, the judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, KNAPP, MAGIE, PARKER, SCUDDER, VAN SYCKEL, BROWN, COLE, McGREGOR, PATERSON. 13.

*For reversal*—None.