EDWARD H. DURRELL, PROSECUTOR, v. THE MAYOR AND COUNCIL OF THE CITY OF WOODBURY.

Submitted June 18, 1906—Decided November 12, 1906.

1. Section 3 of the act approved June 13th, 1898 (*Pamph. L.*, *p.* 466), makes it mandatory upon city council to proceed to have an assessment made upon the property benefited by the improvement authorized by that act.

2. The authority for the assessment of benefits is found in the act.

3. Where a city has been permitted to go on and incur the expense of the improvement without objection as to the validity of the improvement ordinance, and then proceeded to assess the benefits, it is too late for a party thus assessed to object to the assessment on the ground of the invalidity of the original ordinance.

On *certiorari.*

Before Justices HENDRICKSON, PITNEY and TRENCHARD.

For the prosecutor, *Lewis Starr.*

For the defendant, *J. Boyd Avis.*

The opinion of the court was delivered by

TRENCHARD, J.   This writ brings before this court for review an order of the Court of Common Pleas of the county of Gloucester confirming an assessment for benefits made upon property abutting Cooper street, in the city of Woodbury, which was improved by the construction of a vitrified brick pavement, pursuant to an act entitled "An act to authorize the improvement of streets and highways in cities of this state, and to provide for the payment of the expense of the same," approved June 13th, 1898. *Pamph. L., p.* 466.

The act of 1898 first authorizes the issue of bonds for the purpose of obtaining money for the permanent improvement of the streets and highways with permanent and durable material of a kind to be determined in each instance by the city council.   The streets to be improved in any one year shall be designated by ordinance, together with the kind of pavement proposed to improve them with.   By section 2 the interest on the bonds shall be raised annually by taxation, and the principal paid by the city at maturity, and that money derived from assessments, made as hereinafter provided for upon the property benefited by such improvements, shall, when collected, be held as a fund toward the payment of the bonds.   By section 3, after the improvement is completed, the council shall apply to the Court of Common Pleas for the appointment of commissioners to estimate and assess such benefits.   By section 8 the assessments are to be a first lien upon the lands affected thereby, and may be paid one-fifth thereof in each year, with interest.   By section 10 it is enacted that, for the purpose of discharging the bonds and the interest thereon, the city council may provide annually, by

taxation in the annual tax levy, such sum as will be sufficient to pay the interest and for the creation of a sinking fund for the payment of the principal.

By ordinance, approved June 10th, 1903, the city council ordained that Cooper street should be improved. By ordinance, approved June 20th, 1903, provision was made for the issue of not exceeding $60,000 of bonds. The second of these ordinances contained a section providing that, for the purpose of discharging the bonds, the city council should provide annually, by taxation, such sum as would be sufficient to pay interest on all the bonds authorized and for the creation of a sinking fund for the payment of the principal.

By ordinance, approved August 6th, 1903, an amendment of the ordinance of June 10th, 1903, was made.

Some of the authorized bonds have been executed, but not sold.

The improvement of Cooper street was completed August 23d, 1904.

None of these ordinances contained any provision looking to an assessment of benefits saving such as might be implied by reference to the act of 1898 contained in each ordinance.

By a resolution, adopted June 27th, 1904, the city council authorized the borrowing of $16,000, in anticipation of the collection of the taxes and assessments.

On January 28th, 1905, application was made to the Court of Common Pleas for the appointment of commissioners of assessment. The report of commissioners was made December 12th, 1905, and was confirmed January 19th, 1906. It imposed assessments amounting to $10,607.43 upon the properties benefited, among which was an assessment of $154.35 against the prosecutor.

The writ in this case was allowed May 23d, 1906.

It is argued by the prosecutor that the act of 1898 gives to the city council the option to adopt, in its discretion, either of two methods of raising the money to pay the cost of the improvement, viz., first, by an assessment for benefits, and second, by providing annually in the tax levy a sum to be devoted to the creation of a sinking fund. It is insisted that by the

adoption of the improvement ordinance in the present case the city council chose the second of these methods, thereby debarring the city from making assessments for benefits.

This contention cannot prevail. The act does not give to the city the option to choose between two modes of raising the money. The third section of the act makes it mandatory upon the city council to proceed to have the benefits assessed. Nor is this mode to be taken as a substitute for the raising of money by general tax. Under our constitution, as has been repeatedly held, the assessment for benefits cannot exceed the actual amount of special benefits conferred upon the properties to be assessed. There is no presumption that the assessments will realize a sufficient sum to pay the cost of the entire improvement; rather the presumption is to the contrary. Therefore there must be both an assessment for benefits and a raising of money by general tax to pay the principal of the bonds through the medium of a sinking fund. Nor is it true, as is argued, that there can be no such assessment except by authority of an ordinance providing for the same. The authority for the assessment of benefits is found in the act of 1898, under which, as appears by the improvement ordinances, the improvement was made.

This assessment is next attacked on grounds which go to the validity of the ordinances of June, 1903, and of August, 1903.

If the prosecutor's attack were upon these original improvement ordinances as such, and for the purpose of setting them aside, he would clearly be held to be in laches, and his writ dismissed.

In the earlier cases reviewing assessments for benefits and the like it was held that when the prosecutor was in such laches he would not be heard to set aside the preliminary proceedings such as the passage of the original improvement ordinance on direct attack, yet if the proceedings went to the extent of an assessment upon his property he might be heard to attack the original ordinance as incidental to the inquiry whether his land had been legally assessed; this, of course, provided he had sued out his *certiorari* within a reasonable

time after the assessment was made. *State, Townsend, pros.,* v. *Jersey City,* 2 *Dutcher* 444; *State, Ogden, pros.,* v. *City of Hudson,* 5 *Id.* 475; *State, Doyle, pros.,* v. *Newark,* 1 *Vroom* 303; *State, Felix, pros.,* v. *Atlantic City,* 5 *Id.* 99; *State, Kerrigan, pros.,* v. *Township of West Hoboken,* 8 *Id.* 77.

In the case of *State, Ogden, pros.,* v. *City of Hudson, supra,* there was nothing to show that the prosecutor had knowledge of, the passage of the erroneous ordinance under which the work was done. In the case of *State, Felix, pros.,* v. *Atlantic City, supra,* it appeared that there had been great delay on the part of the city in enforcing the improvement ordinance.

In later cases, however, it has commonly been held that where the city has been permitted to go on and incur the expense of the improvement without objection as to the validity of the improvement ordinance, and then proceeded to assess the benefits, it is too late for a party thus assessed to object to the assessment on the ground of the invalidity of the original ordinance. *State, Vanatta, pros.,* v. *Morristown,* 5 *Vroom* 445; *State, Ropes, pros.,* v. *Essex Public Road Board,* 8 *Id.* 335; *State, Bogert, pros.,* v. *City of Passaic,* 9 *Id.* 57; *State, Ryerson, pros.,* v. *City of Passaic, Id.* 171; *State, Youngster, pros.,* v. *Paterson,* 11 *Id.* 244; *Bowne* v. *Logan,* 14 *Id.* 421; *Simmons* v. *Passaic,* 26 *Id.* 485; *Sears* v. *Atlantic City,* 43 *Id.* 435.

In the present case it is contended by the city of Woodbury that the prosecutor had notice of this improvement before it was made and during the progress of the work, and that with this notice he permitted the work to go on and to be completed by the city.

The evidence shows, as I think, that the improvement of Cooper street was a matter of notoriety, and that it was likewise a matter of notoriety that the improvement was undertaken by virtue of the act of 1898, which act of its own force requires that benefits shall be assessed. The prosecutor does not deny such knowledge. The case shows that the city went diligently about the making of the improvement, and that the work was completed in August, 1904.

Under these circumstances the rule of the later cases above

cited, to the effect that it is now too late for the prosecutor to attack the assessment made upon him for benefits upon grounds that relate to the invalidity of the original ordinances, should be enforced.

The result is that the assessment should be affirmed, with costs.