JOSEPH G. PICO, PROSECUTOR, v. THE BOROUGH OF NORTH ARLINGTON, IN THE COUNTY OF BERGEN; ARTHUR G. FLEISCHER AND DAVID K. HAMMELL, COMMISSIONERS OF ASSESSMENT OF THE BOROUGH OF NORTH ARLINGTON, DEFENDANTS.

Argued October term, 1928—Decided December 20, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutor, *William Simon* (*Spaulding Frazer,* of counsel).

For the defendants, *Charles J. McCarthy.*

PER CURIAM.

This is an application upon a rule to show cause for a writ of *certiorari* to review an ordinance adopted by the borough of North Arlington, in the county of Bergen, on May 13th, 1925, entitled "An ordinance to establish the legal grade of, and to grade and construct a six-inch reinforced concrete pavement, a bluestone curb and a five-foot concrete sidewalk in Hedden Terrace from Ridge road to River road, in Prospect avenue, Fairmount avenue, William street, Riverview avenue and Bathhurst avenue between the northerly and southerly line of the property of Hedden Building Company, in the borough of North Arlington."

Section 3 of the ordinance provides that "the said grading, curb and sidewalk shall be constructed and laid at the expense of the owner, or owners, of the land in front of which the said grading, curb and sidewalk shall be so established, made, constructed and laid. The portion of the said grade and sidewalk that lies in the angles of the intersection of streets shall be laid and constructed at the expense of the owner, or owners, of the adjoining lands."

After due advertisement for bids a contract for the work was awarded by the borough on June 1st, 1925. On April 4th, 1927, a statement of the cost of the improvements was referred to the local assessment commissioners in order to estimate and assess the benefits conferred on the adjoining lands. The assessment commissioners held a public hearing on May 17th, 1927, and filed their report on June 14th, 1927.

At the time of the passage of the ordinance, the entire tract of land benefitted was owned by the Hedden Building Company, which company petitioned for the improvement, and thereafter notice of the proposed sidewalk improvement was mailed to that company.

The petitioner procured title to his lot by deed dated April 22d, 1926. The depositions taken under the rule show that printed notice of the public hearing by the assessment commissioners concerning the assessment, the cost of grading, and the laying of the curb, pavement and sidewalk was mailed to him, and that the hearing was duly advertised in the public press. The record shows that no objection to these proceedings was made at the public hearing before the commissioners, nor did the petitioner appeal to the Circuit Court for the purpose of presenting his objections in accordance with the provisions of the statutes governing that subject, but that on November 17th, 1927, more than five months after the confirmation of the assessment report of the commissioners, the petitioner applied for a writ of *certiorari* to review the proceeding.

We do not think it necessary, under the circumstances, to deal with the technical legal accuracy of the procedure of the prosecutor as argued in the briefs, because we think he is

clearly debarred by his laches from contesting the proceedings at this date. The rule of law upon this subject is well settled by repeated adjudications of this court and the Court of Errors and Appeals.

In the case of *McKevitt* v. *Hoboken,* 45 *N. J. L.* 483, it was laid down: "A person whose rights were affected by the act of the common council under this provision could not remain quiescent until a large sum of money had been expended by color of it, and then invoke the aid of the law to throw the burden upon the entire community. The law required diligence, and a party who stands by and sees a work of this character in the course of construction, attended by the incurrence of indebtedness or the expenditure of money, waives his right to take those objections which, if properly interposed, would have stopped the work and saved the expense." Citing *Green* v. *Jersey City,* 13 *Vr.* 118; *Browne* v. *Logan,* 14 *Id.* 421; *H. L. & I. Co.* v. *Hoboken,* 7 *Id.* 291. And the court continues: "By force of the rule established by these and a number of other cases, the prosecutor is held to be precluded from attacking any step in these proceedings pending the execution of the work."

And substantially to the same effect it was declared in *Durell* v. *Woodbury,* 74 *N. J. L.* 206, that "where a city has been permitted to go on and incur the expense of the improvement without objection as to the validity of the improvement ordinance, and then proceeds to assess the benefits, it is too late for a party thus assessed to object to the assessment on the ground of the invalidity of the original ordinance." This language was cited and approved by this court in *Graham* v. *Ocean City,* 98 *Id.* 426, where seven months were allowed to elapse before the prosecutors took the initial step to attack the proceedings providing for the improvement, and the court there observed "the prosecutors are in no position to attack the ordinance, because of their laches." That conclusion of the law applies with equal force to the situation here presented.

The rule to show cause will therefore be discharged.