HARRY KOHLREITER ET AL., PROSECUTORS, v. WILLIAM B. MACKAY, JUDGE, ET AL., DEFENDANTS.

Argued January 19, 1932—Decided May 18, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutors, *Louis A. Cowley* and *Joseph J. Weinberger.*

For the defendants, *John C. Barbour.*

PER CURIAM.

This writ of *certiorari* brings up for review the order made by Circuit Court Judge Mackay confirming assessments for

benefits made under certain ordinances and resolutions of the city of Clifton providing for the reconstruction of Lakeview avenue, including the change of location of trolley tracks, the acquisition of two pieces of land, and the laying of sidewalks. The work was done under ordinances and resolutions adopted by the city council in the months of September, October and December, 1928. The work was provided with, so that so much of the improvement as was done by the city was completed on July 1st, 1929, and that part of the work to be done by the county of Passaic was completed August 7th, 1929, and formally accepted on August 14th, 1929. Thereafter, the assessments for benefits were made against property benefited, and on July 15th, 1930, such assessments were confirmed by the city council. Appeals from such assessments were taken to the Passaic County Circuit Court and were heard by the Circuit Court judge on November 6th and 7th, 1930. On January 7th, 1931, such assessments were confirmed. Thereupon, this writ was allowed to review the action of the Circuit Court.

In so far as the prosecutors seek to attack the ordinances and resolutions providing for the work, assuming that the reasons filed are sufficient for the purpose, they are clearly in laches, and under a long line of cases in this court, will not now be permitted to raise those objections which, if diligently and successfully pressed, would have stopped the work and saved the expense. *McKevitt* v. *Hoboken,* 45 *N. J. L.* 482; *Durrell* v. *Woodbury,* 74 *Id.* 206; 65 *Atl. Rep.* 198; *Pico* v. *North Arlington,* 7 *N. J. Mis. R.* 22; 143 *Atl. Rep.* 861.

Further, in the stipulation of facts submitted in lieu of the testimony taken, it is stated: "That the prosecutors admit that the ordinances were legally passed and the assessments legally and properly levied and all proceedings were legal and regular, except as may appear from this stipulation." Nothing appears in the stipulation which suggests impropriety in the adoption of the resolutions or ordinances.

The other reasons for reversal appear to deal with the fairness of the assessments. The reasons are vague and uncertain, but under reasons 1, 4, 5, 8, 10, 12, 13 and 14 it is

argued under the general heading: "A fraud was committed on the taxpayers," that the failure to require the street railway company to pay for the relocation of its trolley tracks was a fraud on the taxpayers. However, the legislature has defined the duty of the street railway company by chapter 129 *(Pamph. L.* 1927, *p.* 243), and the duties imposed by that act supersede those imposed by ordinance. *Bayonne* v. *Public Service Co-ordinated Transport,* 106 *N. J. L.* 302; 148 *Atl. Rep.* 611.

Under reasons Nos. 2, 3, 6, 7 and 9, it is argued that the assessments were composed of unjust and unfair items. Reason No. 2 reads: "The assessment under ordinance 785 was composed of unfair and unjust items." No. 3 reads: "The assessment under ordinance 793 was composed of unfair and unjust items." 6. "Because compound interest was charged in violation of law." 7. "Because items were added to the alleged cost of the improvements which were not expended in accordance with law and were just made arbitrarily." 9. "Because interest was illegally compounded and added, covering a period not prescribed by law." Each of these reasons fails to point out the item, the amount or the time alleged to have been improperly considered.

We have, however, considered the points argued and conclude that they are without merit. The acquisition of the land was provided for in an ordinance, and the Home Rule act authorizes such action.

The municipality did not include interest beyond the reasonable cost of financing the improvement and this was proper. *Kohler* v. *Guttenberg,* 38 *N. J. L.* 419; *Davis* v. *Newark,* 54 *Id.* 144; 23 *Atl. Rep.* 276; *Chamber of Commerce* v. *Essex County,* 96 *N. J. L.* 238; 114 *Atl. Rep.* 426.

The last point is that the inclusion of the item of $547.52 for sidewalks is illegal. Ordinance 785 provided for such sidewalks and authority for such action is found in the Home Rule act. *Hoboken* v. *Babbitt,* 2 *N. J. Mis. R.* 505; *affirmed,* 101 *N. J. L.* 403, *et seq.;* 128 *Atl. Rep.* 266.

The order of the Passaic County Circuit Court under review is affirmed, with costs.