22 N.J. Super. 275 (1952)
91 A.2d 890
THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF PASSAIC, A BODY POLITIC OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
SAMUEL CIMORELLI AND MARY CIMORELLI, HIS WIFE, GERALD MILLER, FRANCIS L. RHINESMITH AND LESTER K. ECKRICH, INDIVIDUALLY AND DOING BUSINESS UNDER THE FIRM NAME OF TWIN TOWN RADIO AND TELEVISION, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided October 17, 1952.
*276 Mr. Peter Hofstra, attorney for plaintiff.
Mr. Colombo Cammarano, attorney for defendants Cimorelli.
Messrs. Slingland, Houman & Bernstein, attorneys for defendants Rhinesmith and Eckrich.
*277 GRIMSHAW, J.S.C.
In this action the plaintiff seeks a mandatory injunction requiring the defendants to remove a portion of the building which it is alleged encroaches upon the public highway commonly known as the Paterson-Hamburgh Turnpike. The existence of the encroachment is denied by the defendants.
By chapter 193 of the Laws of 1806 the Legislature incorporated the "Paterson-Hamburgh Turnpike Company" and authorized it to construct and operate the turnpike road between Acquackanonck Landing (now Passaic), in the County of Passaic, and Deckertown (now Sussex) in the County of Sussex. In compliance with the provisions of the statute the Governor appointed surveyors who laid out the turnpike and made a return, detailing the survey of the center line of the proposed road. The return was filed in the office of the Secretary of State on October 18, 1806. Thereafter several reports of progress in the construction of the road were made by the company. On receipt of such reports the Governor appointed commissioners to view the completed portions of the highway. The commissioners reported favorably and the Governor, by proclamation, authorized the installation of toll booths on such completed sections of the road. Finally, on May 12, 1812, Governor Bloomfield issued a proclamation in which was recited a report from the commissioners that the turnpike had been completed in accordance with the requirements of the statute. The Governor then authorized the erection of toll booths throughout the entire length of the turnpike and also authorized its operation by the Turnpike Company.
The statute required that the turnpike should be paved to a width of 20 feet in the center. This width was later reduced to 18 feet by an amendment to the charter of the company. Actually the proofs indicate that the road was paved to a width of 30 feet.
In view of the return of the surveyors, coupled with the report of the commissioners and the proclamation of Governor Bloomfield, we must assume, in the absence of proof *278 to the contrary, that the turnpike was constructed in conformity with the provisions of the statute. Mayor, etc., ads. State, Batten, 32 N.J.L. 453 (E. & A. 1865); Humphreys v. Mayor and Council of Woodstown, 48 N.J.L. 588 (E. & A. 1886).
The charter of the turnpike company gave to it an easement of 66 feet for the benefit of the public and this right of way extends for the full width of the easement and not merely to the part which is worked or actually traveled. Miller v. Penna.-Reading Seashore Lines, Inc., 117 N.J.L. 152 (E. & A. 1936); Humphreys v. Mayor and Council of Woodstown, supra; Opdycke v. Public Service Ry. Co., 78 N.J.L. 576 (E. & A. 1909).
By chapter 194 of the Laws of 1860 the charter of the turnpike company was revoked and the turnpike became a public road. In 1888 it was adopted as a county road by the County of Passaic and has since been maintained as such.
The part of the road with which we are presently concerned is that section which runs through the Borough of Bloomingdale. In that borough the turnpike is known as Main Street. It is paved to a width of 30 feet. The building of the defendant stands close to the border of the paved section of the highway and encroaches on the right of way of the highway to the extent of approximately 10 feet.
The County of Passaic and the Borough of Bloomingdale are presently engaged in widening and repaving the highway. Demand has been made upon the defendants for the removal of the encroaching structure. The demand was refused.
The defendants argue that the plaintiff has failed to establish the center line of Main Street as the center line of the turnpike. In my opinion the argument is without force. It must be conceded that after a lapse of 146 years the courses as shown on the survey will not coincide exactly with the compass readings at the present time. However, the proof is that for upwards of 58 years Main Street, in the Borough of Bloomingdale, has been known and used as the *279 Paterson-Hamburgh Turnpike. The county and borough, as well as the traveling public, have acted on that assumption. Under such circumstances the center line of Main Street will be presumed to be the true center line of the Paterson-Hamburgh Turnpike. State, Chosen Freeholders of Union County v. Chosen Freeholders of Essex County, 43 N.J.L. 391 (Sup. Ct. 1881).
Defendants also complain that there was no proof that the traveled portion of the highway ever exceeded 30 feet. Such proof is unnecessary.
"A road may be opened, used and worked throughout its entire length and yet not used and worked on every foot of its entire breadth, and if the locus in quo, being within the lines of the road, was not actually passed over by the wheels of vehicles, it would not therefore be vacated. It has been settled in this state that encroachment on a highway cannot be legalized by lapse of time. If the public once acquires a right to any part of a road it cannot be lost by negligence of public officers. 4 C.E. Green 59. In that case the Chancellor said that `time does not run against the state or the public. To protect highways from encroachments, which it is the business of no one to resist, requires that the public be allowed to resume its rights at any distance of time, disregarding any loss to those who have appropriated it and erected improvements on the public domain.'" Humphreys v. Mayor and Council of Woodstown, supra.
For the reasons stated above, I am of the opinion that the center line of Main Street in the Borough of Bloomingdale is at that point the center line of the Paterson-Hamburgh Turnpike. The easement of the public extends for a distance of 33 feet on either side of that center line. Defendants' building encroaches upon the public right of way and it must be removed.
Judgment accordingly.