37 N.J. Super. 122 (1955)
117 A.2d 27
WILLIAM F. MEYERS, RICHARD DAALDER AND BYRON MORGAN, PLAINTIFFS-APPELLANTS,
v.
MAYOR AND COUNCIL OF THE BOROUGH OF EAST PATERSON; WALTER A. BREDDER, BOROUGH CLERK OF THE BOROUGH OF EAST PATERSON, MICHAEL GEMZA, COLLECTOR OF THE BOROUGH OF EAST PATERSON, AND LOUIS DODERO, MAYOR OF THE BOROUGH OF EAST PATERSON, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 12, 1955.
Decided September 30, 1955.
*124 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Mervyn R. Montgomery argued the cause for plaintiffs-appellants (Mr. Arthur J. Messineo, attorney).
Mr. Herbert A. Chary argued the cause for defendants-respondents (Mr. Chary, attorney for Mr. Gemza; Mr. R. Sery Nicosia, attorney for the other defendants).
The opinion of the court was delivered by CLAPP, S.J.A.D.
This action, in lieu of prerogative writ, brought by taxpayers and residents of the defendant Borough of East Paterson, challenges an increase in salary given in 1954 to the defendant Michael Gemza, collector of taxes and treasurer of the borough. Plaintiffs claim that Mr. Gemza, who had been reelected to office, was thereby given a second increase in salary during the term for which he had been reelected and that this contravenes N.J.S.A. 40:46-23:
"The governing body [of a municipality] may, by ordinance, * * * fix and determine the salaries * * * to be paid to each officer and employee of the municipality who, by law, is entitled thereto. * * * In case any officer is re-elected to succeed himself after having served one full term, his salary may be once increased during the term for which he is so re-elected." (Italics added.)
Mr. Gemza was first elected to this office for a four-year term commencing January 1, 1949. At the end of that term he was receiving an annual salary of $3,850 pursuant *125 to an ordinance adopted in September 1952. In November 1952 he was reelected to that office for a second four-year term commencing January 1, 1953. Subsequently on July 2, 1953 an ordinance was adopted increasing his salary to $4,700 per annum. This ordinance, it is to be noted, was made retroactive to January 1, 1953, the first day of his second term. In the next year, by ordinance adopted June 17, 1954, retroactive to January 1, 1954, his annual salary was increased to $5,950. The ordinance granting this last increase and the salary payable thereunder are attacked by the present action.
Both defendants and plaintiffs moved below for summary judgment. Defendants' motion was granted. Plaintiffs appeal.
There are two issues in the case. The first is whether Mr. Gemza was given two increases in salary during his second term of office, in violation of the statute cited. The issue seems to be a novel one, but we have no difficulty with it. A municipality cannot escape the statutory restriction simply by making the first increase retroactive to the first day of the term.
The statute is a watering down of a provision contained in the original Home Rule Act which allowed neither an increase nor a decrease of the salary of any officer during the term for which he was elected or appointed. For the vicissitudes of the provision, see L. 1917, c. 152, p. 350; L. 1919, c. 9, p. 26; L. 1928, c. 134, p. 279. Provisions similar to that found in the original Home Rule Act appear in a number of state constitutions, statutes and charters of municipalities of other states, 4 McQuillin, Municipal Corporations (3rd ed. 1949), § 12.198; 62 C.J.S., Municipal Corporations, § 537, and also in charters and statutes in this State. Potter v. Union Township, 91 N.J.L. 129 (Sup. Ct. 1917), affirmed at page 705 (E. & A. 1918); Ries v. West New York, 79 N.J.L. 164 (Sup. Ct. 1909); McEwan v. West Hoboken, 58 N.J.L. 512 (Sup. Ct. 1896); Rightmire v. Camden, 50 N.J.L. 43 (Sup. Ct. 1887); Stuhr v. Hoboken, 47 N.J.L. 147 (E. & A. 1885); see title to N.J.S.A. *126 40:125-34. The policy of the law has been to enforce these statutory restrictions firmly. Barrus v. Engel, 186 Mich. 540, 152 N.W. 950 (1915).
The defendants argue that the 1952 ordinance expired December 31, 1952; and they conclude from this premise that the ordinance passed in July 1953, which was made retroactive to January 1, 1953, was not an increase in Mr. Gemza's salary during his second term. We need consider only the premise.
The 1952 and other ordinances above mentioned, as well as those adopted in certain previous years, fixed the salaries of a number of, perhaps all, the officers and personnel of the borough, including the collector of taxes. The argument is that since such ordinances were adopted in eight of the nine years preceding 1952, therefore it is to be implied that the ordinance adopted in 1952 was intended to apply only to the calendar year ending December 31, 1952. However only four of these eight ordinances were made retroactive to the first of the year; while the critical one, that adopted in 1952, never took effect until ten days after September 4, 1952. Moreover the one adopted in the preceding year, 1951, took effect June 19, 1951. Some stress perhaps is also put by the defendants upon the words "annual salary," appearing in the ordinances, but in our view these words indicate that each salary was being fixed at a stated rate per annum, not that it was made payable only during the current calendar year. It cannot be maintained on the basis of these meager circumstances that the 1952 ordinance was intended to expire three and a half months after its effective date. That being so, the whole argument falls.
The second issue in the case is whether the cause of action is barred by R.R. 4:88-15 (a):
"No proceedings for review, hearing and relief in lieu of prerogative writs shall be commenced, unless it shall be commenced within 30 days of the accrual of the right to such review, hearing or relief, except as provided in paragraph (b) of this rule, and except as provided in Rule 1:3-1."
*127 Plaintiffs say that the court below extended this 30-day period. The 1954 ordinance was adopted June 17, 1954 and, as provided therein, it took effect on publication which (counsel agree) was made June 24. If the 30-day period is calculated from the time of publication, it expired on July 26. For, the thirtieth day after publication fell on Saturday, July 24; and eliminating, as we must, this Saturday (it being a legal holiday, N.J.S.A. 36:1-1.1; Poetz v. Mix, 7 N.J. 436, 445 (1951)) and also Sunday, July 25 (R.R. 1:27), the 30-day period is extended to and including July 26. The complaint was filed one day after this period, namely, on July 27.
The defendants, early in the proceedings below, had moved to dismiss the action on the ground that it was not commenced in time. Plaintiffs' counsel told us at the argument before us that on the return of the motion he orally asked for an extension of the 30-day period, R.R. 1:27B; and he now claims that the trial court "effectively extended the time period." But the difficulty with this is that the order denying the motion does not indicate the ground of the decision; and we have no means of knowing, and indeed counsel do not seem to know, whether the court, in the exercise of its discretion, did in fact enlarge the period, or whether it denied the motion on some other basis. Besides there is nothing in the record, and nothing has been said, to indicate "good cause and the absence of prejudice." R.R. 1:27B. However in view of the conclusion reached herein, we find it unnecessary to remand the case in connection with this point.
We turn to plaintiffs' other points with respect to R.R. 4:88-15(a). In the demand to their complaint plaintiffs sought to have the court declare illegal and void, not only the provision of the ordinance with respect to Mr. Gemza, but also "any purported salary payments to said collector thereunder." Furthermore, the borough clerk and the mayor were joined in the complaint on the ground that they were empowered to make disbursements for the borough; and plaintiffs demanded the issuance of an injunction to prevent the payments stated.
*128 Plaintiffs urge, in effect, that though the validity of the ordinance may be open to challenge only for a period of 30 days after the publication, nevertheless the validity of each installment of salary may be reviewed within 30 days after it is paid, and future installments may be halted. This contention, we conclude, is sound.
In our view Mr. Gemza did not, 30 days after publication of the 1954 ordinance, secure a vested right to receive in the future his illegal increase in salary. The ordinance and any salary payments thereunder do not constitute a single illegal or tortious act occurring at the time the ordinance became effective  with merely consequential impacts or injuries at the time each installment of salary is paid. Rather, the ordinance and payments are to be regarded as several illegal or unlawful acts, cf. Morey v. Essex County, 94 N.J.L. 427, 430 (E. & A. 1920), each a violation of N.J.S.A. 40:46-23, "each step * * * an unlawful vexation" remediable through a proceeding in lieu of prerogative writ. Cf. Public Service Railway Co. v. Camden, 95 N.J.L. 190, 192 (E. & A. 1920). The situation presented in Marini v. Borough of Wanaque, 37 N.J. Super. 32 (App. Div. 1955) is distinguishable. Indeed we have found no cases on or close to the point. Compare State v. City of Hudson, 29 N.J.L. 475, 478 (E. & A. 1861); State v. Council of Newark, 30 N.J.L. 303, 306 (Sup. Ct. 1863); State, Kerrigan pros. v. Township of West Hoboken, 37 N.J.L. 77, 82 (Sup. Ct. 1874); Durrell v. Woodbury, 74 N.J.L. 206, 209 (Sup. Ct. 1906), affirmed 75 N.J.L. 939 (E. & A. 1908). Cf. also Thornton v. Village of Ridgewood, 17 N.J. 499, 510 (1955) and Marini v. Borough of Wanaque, 37 N.J. Super. 32 (App. Div. 1955), supra, with respect to relief in the nature of mandamus.
In view of these conclusions we need not stop to discuss plaintiffs' argument that R.R. 4:88-15 does not apply because the ordinance was ultra vires. Thornton v. Village of Ridgewood, 17 N.J. 499, 510 (1955); Marini v. Borough of Wanaque, 37 N.J. Super. 32 (App. Div. 1955), supra; V.F. Zahodiakin Engineering Corp. v. Zoning Bd. of Adjustment, *129 Summit, 8 N.J. 386, 395 (1952). Nor need we consider whether or under what circumstances the remedy  afforded citizens and taxpayers through our prerogative writ procedure for the public redress of official wrong, Haines v. Burlington County, 1 N.J. Super. 163, 170 (App. Div. 1949)  is barred by R.R. 4:88-15(a) after 30 days; or whether it is to be said, as has been said in connection with the doctrine of prescription, that unless a statute of limitation be express on the matter, time does not run against the public, for when the public is aggrieved, it is the business of no one to resist. Humphreys v. Mayor and Council of Woodstown, 48 N.J.L. 588, 595 (E. & A. 1886); Tainter v. Mayor of Morristown, 19 N.J. Eq. 46, 59, 60 (Ch. 1868); 53 C.J.S., Limitations of Actions, § 14.
Reversed, with directions to enter summary judgment for the plaintiffs in accordance with this opinion.