State, Baker et al., pros., v. City of Elizabeth.

THE STATE, HENRY M. BAKER ET AL., PROSECUTORS, v. THE CITY OF ELIZABETH.

THE STATE, HENRIETTA BAKER ET AL., PROSECUTORS, v. THE CITY OF ELIZABETH.

1. Where bonds have been sold by a city to raise money in anticipation of a street improvement, and the proceeds in the meantime have been used by the city for other purposes, it is not lawful to include interest during that time, in the estimate of the expense of the improvement to be assessed on the land owners.

2. If bonds have been sold by legislative authority, at less than par, the discount can be included in the estimate.

On *certiorari*.

Argued at February Term, 1874, before Justices BEDLE, DALRIMPLE and DEPUE.

For the prosecutor, *W. J. Magie.*

For the defendant, *R. E. Chetwood.*

The opinion of the court was delivered by

BEDLE, J.    The question in these cases is, whether two items, one for interest, the other for discount on city bonds, should be included in the assessment for paving Magie street, in Elizabeth, as a part of the *costs* and *expenses* of the improvement. The charter provides for an assessment of the whole

amount of the costs and expenses. (*Laws*, 1863, *p.* 149, § 105.) The contract was awarded April 4th, 1871, to be commenced under the direction of the street commissioner, and such direction was not given until about May 1st, 1872, owing to the fact that the street was to be first sewered, the contract for which, was given out May 15th, 1871, after the contract for paving, and the sewer work was not commenced until December 3d, 1871, and not completed until February 16th, 1872. On May 1st, 1872, after the sewer was built, the paving was commenced, and completed May 22d, 1872. On July 8th, 1872, the work for the paving was accepted, and July 11th, 1872, a warrant was ordered for the amount, $22,503, which was presented to the city treasurer the next day, and not paid for the want of funds. The same remained unpaid until November 2d, 1872, when it was collected by the holders, but without interest, the interest having been abated to induce its payment. The interest item complained of is $2330.37, up to August 1st, 1872; and must have been calculated on about $25,000 from April 1st, 1871, or within a few days of that time, perhaps from April 4th, 1871, the time of the award of the contract. No funds had been raised by the city in anticipation of this improvement, until July 15th, 1871, at which time, twenty-five bonds of $1000 each, were sold at a discount, the same having been issued under an ordinance of June 4th, 1871, to provide for the payment of the improvement. As soon as the bonds were sold and delivered, the money was placed to the credit of the city treasurer, and used by him to meet other warrants and expenses of the city, so that the city had the immediate and continuous use of the funds from that time up to and beyond August 1st, 1872, and therefore, when the warrant for this improvement was presented, the city was unable to pay it. Under these facts it would be unjust to allow the city to assess that item of interest upon the property owners.

The other item complained of is $2266.03 for discount allowed on the bonds. The bonds were sold at ninety-four per cent., and accrued interest from April 1st, 1871, up to

July 15th, 1871, the time of the sale. The supplement of 1866, (*Laws*, 1866, *p.* 421, § 2,) to the city charter, authorizes the sale of bonds of the city at their *market value*. The supplement of 1864, (*Laws*, 1864, *p.* 645, § 5,) authorizes the city to borrow money in anticipation of the collection of an assessment for any improvement to be expended only in payment of such improvements, or loans for the payment thereof, and for that purpose to issue the bonds of the city, to be called "Improvement Bonds of the city of Elizabeth," payable in six years from the date thereof, with interest at the rate of seven per cent. Under these powers the city could reasonably anticipate the necessity of money to pay for the improvement, and raise it by a sale of the bonds at their market value. In such a case the necessary discount could properly be considered as a part of the expense of the improvement. There is no evidence to show that the bonds were improperly sold below their value, although it is evident that with the sewer not commenced when they were sold, that there was no immediate need to provide funds for the payment of the work. Whether the bonds could have been sold for a higher rate at a later period, does not appear, and therefore the court should not consider that they were sold at too low a rate.

For that reason and inasmuch as the interest on the bonds from their date, had to be paid by the city, and the item for interest is disallowed in the assessment because the city had the use of the money, the discount allowed by the city should be included in the assessment as a part of the expense. The item however, is too high for a sale at ninety-four, and interest from April 1st, 1871, to July 15th, 1871, on $25,000, would make the discount only $2025, which, taken from $2266.03, leaves $241.03 as an improper excess over the true amount. The assessment against the prosecutors should be proportionately reduced by striking out as to them from the whole assessment, the item of interest and the excess of discount.