STATE, JACOB SKINKLE ET AL., PROSECUTORS, v. THE IN-HABITANTS OF THE TOWNSHIP OF CLINTON, IN THE COUNTY OF ESSEX.

1. Objections to the manner of appointing commissioners to conduct a public improvement and make an assessment therefor, will not be entertained after they have completed the work.
2. In reviewing the assessment made by such commissioners, the juris-diction of the body that appointed them, their own judicial qualifica-tions to act, and the manner in which they have exercised their functions, are open to inquiry.
3. The township committee were authorized to do certain work, if they deemed it of public advantage; they resolved that, in their judgment, it was of public advantage, and thereupon did it. *Held*, that then it was too late to show that in fact they did not so deem it.
4. Lands are not assessable for the increase of healthfulness which may accrue to a neighborhood by reason of the drainage of swamps and lowlands lying in their vicinity; such benefits are too uncertain and indirect. The lands drained are the lands peculiarly benefited.
5. Where commissioners of assessment have exercised an intelligent judgment in deciding the matters submitted to them, according to legal principles, the courts will not disturb their conclusions, except upon proof which is quite satisfactory.
6. Interest upon money borrowed to carry on an improvement, forms part of the expense for which an assessment may be imposed.

On *certiorari*.

Argued at June Term, 1877, before Justices SCUDDER, DIXON, and REED.

For the prosecutors, *J. W. Taylor*.

For the defendants, *T. N. McCarter*.

State, Skinkle, pros., v. Clinton.

The opinion of the court was delivered by

Dixon, J.   The writs of *certiorari* in these cases bring up for review an assessment for draining, made under two supplements to the act setting off the township of Clinton ; one, approved March 31st, 1869, (*Pamph. Laws, p.* 969); the other, approved March 17th, 1870, (*Pamph. Laws, p.* 858.)

The first reason urged against the assessment is, that one of the commissioners who made it was a member of the township committee that appointed the commissioners, and himself participated in his own selection.   But we think this objection cannot now be properly urged.   The commissioners were, under the statutes, both to superintend the improvement and to make the assessments for damages and benefits.   After their appointment in April, 1869, these commissioners did carry on the work until its completion in 1874 ; and during that time they made awards for damages, which were paid to all of the prosecutors except one, and no objection of any kind was ever made against them till after their final assessment. Under these circumstances, we think it is now too late to object to the manner of their appointment.   *State, Ryerson, pros.,* v. *Passaic,* 9 *Vroom* 171.

Such must also have been the view of the justice who allowed the writs of *certiorari,* for they bring up nothing prior to the assessment.   Of course the previous proceedings may be shown to the court, and will be considered so far as to ascertain that the persons making the assessment were chosen by a body having the power of appointment, and, at the time of making the assessment, were subject to no legal disqualification.   But beyond this inquiry we should not now go. The fact that the commissioner participated in his own election in 1869, did not affect his fitness to levy the assessment in 1874.

The second reason urged is, that the township committee who resolved upon the drainage, did not deem it for the public advantage, and the statutes authorized the committee to proceed with the work only when, in their judgment, it would be of public advantage.   The resolution of the com-

mittee directing the drainage, states that, in their judgment, it will be of public advantage; and if it was ever open for the prosecutors to prove the falsity of that statement by parol testimony, they certainly should not be allowed to do so now, after public moneys have been spent for their peculiar benefit on the strength of it.

The next reason urged is, that one or more of the commissioners were not disinterested persons; that they owned lands benefited by the work, and which, therefore, should have been, but were not assessed for the improvement. The statutes require the appointment of three suitable and disinterested persons as commissioners, and the resolution of the committee so describes the parties named. Although the prosecutors must be held to have acquiesced in their appointment, yet as this reason reaches to the judicial fitness of the commissioners, and to the propriety of the manner in which they have exercised their functions, it merits consideration, without regard to such acquiescence. Nevertheless, the township committee having, under their authority so to do, adjudged that these commissioners were disinterested, the contrary is by no means to be assumed, but must be proved by those who allege it. This the prosecutors have undertaken to do, but I think they have not succeeded. They have shown that some of the commissioners own lands not very far from the ditch, and that they share in whatever increase of healthfulness may accrue to the neighborhood because of the draining of the swamps and lowlands; but they have not established that these lands receive that direct and certain advantage of drainage which alone, in such improvements, constitutes an estimable benefit for which lands can be assessed. On this point, the weight of evidence is against the prosecutors.

The prosecutors further urge that the work done was of no benefit to their lands, or, at any rate, not of so much benefit as to justify the assessment imposed. With regard to this matter, there is considerable diversity of opinion expressed by the witnesses, but there is not that preponderance of proof on

State, Skinkle, pros., v. Clinton.

behalf of the prosecutors which is necessary to countervail the judgment of the commissioners. Their determination, in view of their impartiality, their acquaintance with the land and its surroundings, both before and after the ditch was dug, and their official oath, is entitled to great consideration, and, in the conflict of testimony, leads, I think, to the conclusion that no injustice has been done to the prosecutors on this ground. To the same result have I come concerning the objection that the area of assessment is less than that of benefits. Of course the area of assessment must be bounded by a mathematical line, and it would be difficult or impossible to give a satisfactory reason for believing that, in an open country, the land immediately inside of such a line is drained, and therefore assessable, and the land just outside of it is not. But such demonstration is not necessary. If the commissioners, on whom the law casts the duty, have exercised an intelligent judgment in fixing the area according to legal principles, the court will not disturb their conclusion, except upon proof of their error which is quite satisfactory. *State, Pudney, pros.,* v. *Passaic,* 8 *Vroom* 65 ; *State, Kohler, pros.,* v. *Guttenberg,* 9 *Vroom* 419 ; *State, Van Solingen, pros.,* v. *Harrison, ante p.* 51.

The evidence in the case does not disclose that proof.

On this point, the report of the commissioners originally made, failed to certify, with such clearness as is desirable, that they had assessed all the land benefited, but an amendment made under a rule in this cause taken in pursuance of the supplement to the *Certiorari* Act, (*Pamph. Laws,* 1876, *p.* 20,) supplies the defect.

The only remaining objection is aimed at the including of interest among the items of expense for which assessment could be made. The act of 1870, above referred to, (Section 8,) authorizes the township committee to borrow money to pay the expenses of carrying on the work, and Section 4 requires the commissioners to assess the entire costs, and Section 8 to repay to the township committee the amount borrowed, with interest, out of the moneys received by them under the act. The evidence shows that the committee did borrow

several thousand dollars for the purpose designated, but fails to show just how much, or when. Since, however, the prosecutors have not attempted to refute the report of the commissioners as to the amount of interest which accrued on such loans, we must regard their statement as the truth. These facts justify the action of the commissioners in this particular. *State* v. *Guttenberg*, 9 *Vroom* 419.

We think that the assessment should be affirmed ; but, inasmuch as the report of the commissioners required amendment, which was made in this cause, the affirmance will be without costs.