JEANETTE C. DAVIS ET AL. v. THE CITY OF NEWARK.

1. When a municipality has power to borrow money to make street and other improvements, and to impose the cost and expense of such improvements, or some part thereof, upon lands benefited thereby, interest paid on money borrowed and used for such purpose may be included as part of such cost and expense. When a determination of the amount of such cost and expense has been made, and includes interest, it must be presumed, in the absence of proof to the contrary,

that the interest included was properly part of the cost and expense of the improvement.

2. The duty of commissioners in making an assessment for benefits is to take into consideration all property benefited within the area of assessment; but their determination will not be disturbed for an omission of that duty if it clearly appears that, had the duty been fully performed, the assessment upon prosecutors could not have been varied or diminished.

3. A horse railroad company held title to a strip of land in the middle of a public street. The strip was dedicated to public use as highway, but the company's track was laid thereon. By municipal authority the street was graded, and the company obtained thereby increased facility in running its cars thereon. *Held*, that the land of the company acquired no benefit which would justify an assessment thereon · for benefits derived from such grading.

4. Under a municipal charter, owners of houses and buildings affected by an alteration of the grade of a street sought and obtained the damages suffered thereby    *Held* that, upon their lands, not shown to be connected with such houses or buildings, an assessment for benefits resulting from such alteration might lawfully be made. *Quære.* Whether such an assessment could be imposed on lands on which such houses or buildings stood, or with which they were connected ?

5. Questions of fact raised in respect to an assessment for benefits were fully presented and considered in this court, in pursuance of the power conferred by the supplement to the Certiorari act. *Rev. Sup., p.* 84. *Held*, that the assessment should not be disturbed for any error in the Circuit Court in refusing to consider and adjudicate upon relevant facts presented to that court upon a motion to confirm the report of assessment.

The writ of *certiorari* allowed to the above-mentioned prosecutors, and other writs allowed to other prosecutors, has brought up proceedings for the grading, curbing and flagging of Washington avenue, in the city of Newark, resulting in an assessment imposed for benefits to the lands of such prosecutors.

Argued at June Term, 1891, before Justices SCUDDER and MAGIE.

For the prosecutors, *Richard Wayne Parker* and *John W. Taylor*.

For the defendant, *Joseph Coult*.

The opinion of the court was delivered by

MAGIE, J.   One objection urged by prosecutors against the assessment is based upon the fact that it includes a large amount of interest.   The return shows that the common council, by resolution, ascertained and declared the whole amount of the costs and expenses of the improvement paid and incurred by the city to be $64,801.56, of which $29.040.48 was for " interest."

It has not been made to appear whether any or what sum was borrowed by the city to do the work, nor upon what interest has been calculated.   The assertions of counsel cannot be considered.

But the city had authority to borrow money for the purpose of making such an improvement.   *Pamph. L.* 1857, *p.* 138, § 35.   The city was further authorized to impose, by way of assessment, the costs and expenses of such an improvement, and the amount of such costs and expenses the common council was empowered to ascertain.   *Pamph. L.* 1857, *p.* 167, § 109.   Such costs and expenses are required to be assessed on the owners of lands peculiarly benefited by commissioners appointed by the Essex Circuit.   *Sup. Charter, Pamph. L.* 1875, *p.* 249.

Interest on money borrowed by legislative authority, and used for such an improvement, may be included as part of the costs and expenses thereof.   *Baker* v. *Elizabeth,* 8 *Vroom* 142 ; *Kohler* v. *Guttenburg,* 9 *Id.* 419; *Skinkle* v. *Clinton,* 10 *Id.* 656.

When the council, by their resolution, ascertained and declared the amount of costs and expenses, and the commissioners were appointed by the court, they obtained jurisdiction to impose by assessment the amount so ascertained.   In the absence of proof that the amount included sums which the council were not authorized to include, this court has nothing before it to justify an adjudication to that effect.

The great amount of interest included in the costs and expenses evinces a very long delay on the part of the city in

making the assessment for benefits, by which any money borrowed to make this improvement could alone be reimbursed. When, prior to the supplement of 1875, commissioners to make such assessment should be appointed by the council, or when, after that act, application should be made to the Circuit Court for the appointment of such commissioners, was within the discretion of the officers of the city. They must be presumed to have exercised a proper discretion. In the absence of proof to the contrary, that presumption must prevail.

It is next objected that the assessments upon prosecutors are in excess of the benefits conferred by the improvement. To justify interference on this ground, evidence that the judgment of the commissioners was erroneous must be cogent. I have not been able to find in the evidence sufficient to convince me of any error on the part of commissioners. There is much variance of opinion, based, however, upon the same facts. I see no reason to overthrow the judgment of the commissioners, who gave special attention and care to the subject.

Another objection to the assessment is, that the commissioners did not take into consideration the benefits to certain lots on the avenue in question.

It appears that commissioners appointed under the Martin act, upon the application of owners of said lots, adjusted the city's claim upon this improvement in respect to each of said lots. It is unnecessary to determine whether there was authority to make such adjustment.

It also appears, in my judgment, that the commissioners in the proceeding before us erred in not determining the benefits to such lots, for even if they could not impose an assessment upon them, such a determination might affect the proportion of assessment upon other lots. *Ropes* v. *Essex Public Road Board,* 11 *Vroom* 64; *Sutphin* v. *Elizabeth, Id.* 283.

But to make such an objection effective, prosecutors must show that the error has, or at least may have, injured them by imposing upon their lands more than a proper assessment. *Righter* v. *Newark,* 16 *Vroom* 104.

In the case in hand the contrary clearly appears. The adjustments by the Martin act commissioners amount to a trifle over $8,000. They were imposed at a rate slightly higher than that which the commissioners in this case imposed on similar lands. But the amount of costs and expenses imposed on the city at large was over $28,000. Had these commissioners taken the lots into consideration, and imposed their rate of assessment for similar property, the result would have affected the city alone. Prosecutors would not have benefited at all. As it seems the city has been paid the adjusted amounts, no injustice can be done by overruling this objection.

Another objection to the assessment is that no portion of the costs and expenses was imposed upon the Belleville and Newark Horse Railroad Company, although its lands, it is claimed, were benefited by the improvement.

The case before us differs from that presented to this court in *King* v. *Duryea*, 16 *Vroom* 258, in this respect, that the railroad company in question are owners of a strip of land, in the middle of Washington avenue, upon which its tracks are laid and over which its cars are run.

It appears, however, that the strip of land thus owned has been dedicated to public use as a highway and forms part of the avenue.

An assessment of the kind under review is a tax based solely upon peculiar benefits conferred upon lands or real property.

So far as disclosed by the evidence the benefit conferred consists only in increased facility in running the cars of the company by reason of diminished grades. But such a benefit, if it may be called such, is conferred upon the franchise, and not upon the strip of land on which the cars run. The land burdened with the public easement would in no respect be increased in value thereby. *State* v. *Newark*, 3 *Dutcher* 185, 191.

It is further objected that an assessment has been laid upon some lands of prosecutors which had previously been adjudged to have been damaged by the same improvement.

By a supplement to the charter approved March 21th, 1866 (*Pamph. L., p.* 571), and a further supplement approved April 6th, 1868 (*Pamph. L., p.* 793), as modified by a further supplement approved March 25th, 1869 (*Pamph. L., p.* 672), an owner of lands in Newark, whereon a house or building had been erected previous to the alteration of the grade of the street, may be awarded damages which are to be such as the owner of said house or building has suffered by reason of such alteration. These provisions have been held to limit the power to award damages · to cases where a house or other building was erected upon the land at the time of the alteration of the grade. *Newark* v. *Sayre,* 12 *Vroom* 158.

It is equally clear that the damages to be awarded must be confined to those suffered by the owner of the house or building. But the owner of a house or building damaged by the alteration of a street grade may yet be benefited by the same alteration in respect to other lands.

Whether or not the determination of the damage suffered by the owner of a house or building by alteration of grade necessarily includes a determination as to damages and benefits to the land whereon the house or building stood, or with which it was practically connected, is a question not before us; for an assessment for benefits must be presumed to have been made on correct principles and on property liable thereto. To justify its vacation, the contrary must be made to appear. I have searched the case in vain to discover any instance in which it is made to appear that the assessment now under review was imposed on any lands so connected with a house or building, for which damages were awarded, as to raise the question of error in that respect.

Lastly, it is objected that the circuit judge refused to consider and determine matters of fact presented to him upon the rule to show cause allowed by him and the evidence taken thereon.

The printed case contains what purports to be an opinion of the circuit judge. It does not appear to form any part of the return, nor is it disclosed how it comes into the case.

Assuming the opinion to be properly here, and to show what was ruled in the circuit, it thus appears that the learned judge conceived it to be his duty to consider questions of fact only so far as to enable him to see whether the commissioners, in making their award, had adopted erroneous or misapplied correct principles.

Yet a reading of the whole opinion also seems to show that he did consider and determine questions of fact to a greater extent and by way of review of the commissioners' action.

The act, under which the Circuit Court proceeded in this case, requires the court to hear any objection against the assessment, and any matter which may be alleged against the same, and the report of the commissioners may be referred back to them again and again as right and justice may require. Supplement approved March 11th, 1875. *Pamph. L., p.* 249. This seems to confer as broad power as that conferred on this court in the review of assessments by *certiorari.* It cannot be conceived that it was intended to confer less power on the circuit in considering such assessments.

But whether there was error in this respect or not I think the assessment should not be disturbed. If the circuit judge did determine these questions, as I think he did, they might be and have been here reviewed. If he did not determine them they have been here determined against prosecutors, and a vacation of the assessment would be of no avail.

Let the assessments and order stand affirmed.