BENJAMIN J. WHITAKER ET AL., PROSECUTORS, v. MAYOR AND COUNCIL OF THE BOROUGH OF DUMONT, RESPONDENT.

Argued February 20, 1917—Decided August 11, 1917.

An assessment by commissioners of a borough, which included assessments for laying out and opening a new street and the improving of such street, as well as the cost of sidewalk construction, will be set aside, since separate assessments of damages or benefits for each improvement should have been made under section 33 of the Borough act. *Comp. Stat.*, p. 244.

---

On *certiorari* to set aside assessments for special benefits.

Before Justices SWAYZE, MINTURN and KALISCH.

For the prosecutors, *William M. Seufert.*

For the respondent, *Frank G. Turner.*

The opinion of the court was delivered by

SWAYZE, J.   Although the writ removes only the assessment, the prosecutor improperly assigns reasons for setting aside the ordinances under which the improvements were made.   The justice who allowed the writ acted advisedly in limiting its scope.   The prosecutor had allowed the time for questioning the ordinances to pass by and he could only question the assessment.   This consideration disposes of most of the reasons assigned.

In order to determine the question of the validity of the assessment, we have had to pick out from the voluminous, and somewhat confused, record the essential facts.   Three ordinances were approved April 11th, 1911.   One established the grade of part of Madison avenue.   One provided that the avenue be widened to fifty feet where it was then less; that it be graded and improved according to the grade to be established therefor; that the improvements be done according to such plans and specifications as the mayor and council might adopt therefor, and that the cost be assessed upon the property benefited thereby.   The third provided for the construction of cement sidewalks.   Subsequently, the borough authorities called for bids "covering the grading work and construction of cement sidewalks."   Separate bids were received and separate contracts were awarded (1) for the sidewalks; (2) for the grading and macadamizing.   Subsequently, some additional grading, macadamizing and improving was done. On March 15th, 1915, the cost and expenses were ascertained to be $11,368.49, of which $7,869.75 was for roadway construction, and $3,327.84 was for "sidewalk grading."   Of the total, all but $670.24 was assessed on property owners as special benefits.   The return of the commissioners shows that their assessment was for laying out, opening and improve-

ment of Madison avenue. Obviously, this is not an assessment of the cost of grading and paving and laying sidewalks. Section 33 of the Borough act discriminates between laying out and opening, which are provided for in paragraph 1, and grading and paving, which are provided for in paragraph 2. Paragraph 2 authorizes a single ordinance for the making of more than one of the improvements therein specified, all of which are cognate in character and relate to the improvement of existing streets, but does not authorize the inclusion in the same ordinance of provisions as to laying out and opening, which have to do with new streets. Moreover, paragraph 2 requires a separate assessment of damages and benefits for each improvement, and whatever doubt there may be as to the extent to which this goes (*Cook* v. *Manasquan*, 80 *N. J. L.* 206), there can be no doubt that a distinction must be made between benefits due to laying out and opening under paragraph 1 and improvements under paragraph 2. The observance of the rule is especially important in a case like the present, where there was no ordinance to lay out and open a street, and apparently no laying out and opening in point of fact. We cannot tell how much of the assessments the commissioners attributed to laying out and opening and how much to the improvement of the street. All we can tell from the return is that some of the assessment was for laying out and opening for which there was no authority. There is a further difficulty. The amount of the assessment is much in excess of the cost of the street improvement and obviously includes some of the cost of the sidewalks. The return of the commissioners says nothing about an assessment for the sidewalks. Under the statute, the cost of sidewalks is to be paid by the owners of the lands in front of which the same is constructed, a very different method from that of an assessment for benefits. The commissioners could not legally have combined the two in a single assessment, and it is probably for that reason that they returned no assessment for sidewalks; but they could not by thus omitting to assess for sidewalks according to the statute clothe themselves with authority to assess for the street improvements more than they cost. The

suggestion that the expense of the sidewalks was not included in the $11,368.49, for which the assessment was made, is futile. The determination of cost, on page 58, shows that there was included for "sidewalk grading" $3,327.84. This determination we must assume to be correct, although the amount seems large for grading alone. The resolution printed on page 142, on which counsel relies, must be incorrect. The item "side grading" has no meaning that we can ascertain unless it refers to the sidewalks. Moreover, there was a contract for the construction of sidewalks, and as near as we can tell the road construction alone would not, under the contract therefor, amount to the total cost as ascertained.

The assessment must be set aside, with costs. As to the sidewalks there should be a new assessment. Whether a new assessment of the cost of the street improvement is permissible is not clear. The answer to the question seems to depend chiefly on whether the ordinances authorized the macadamizing of the street. We will hear counsel as to the form of the judgment to be entered.