ROBERT HENDERSON, PROSECUTOR, v. BOARD OF COMMISSIONERS OF THE TOWNSHIP OF LYNDHURST AND THE CIRCUIT COURT OF BERGEN COUNTY, RESPONDENTS.

Submitted January 18, 1933—Decided July 25, 1933.

Before Justices LLOYD and HEHER.

For the prosecutor, *Robert Henderson.*

For the respondents, *Leo F. Reilly.*

PER CURIAM.

The writ in this case was to review the validity of an assessment in the sum of $978.95 by the commissioners of Lyndhurst township on property standing in the name of Frazier, and others, as trustees for the prosecutor. The assessment was made and approved by the Circuit Court and the claim of the prosecutor for damages to his property by reason of the improvement disallowed.

Twenty-eight reasons for reversal are filed by the prosecutor. The first of these is that Bogle, a member of the governing body, was an officer of one of the corporate owners of a

property assessed. It is not clear that this fact is established but if it were it would, in our judgment, in nowise disqualify him from sitting to determine the assessment of the property here involved.

The second and third reasons urge that the assessment was a joint one for street and sidewalk improvements. It is difficult to see just what the assessment is for. There is no copy of an ordinance printed in the state of the case but the prosecutor includes one at the end of his brief. Since then the respondent has supplied what purports to be a certified copy of the ordinance. Although irregular as a return, from this it appears that an ordinance was passed providing for the grading and directing the laying of sidewalks, the contract for which appears to have been made. No attack, however, is made on the proceedings up to the act of assessment. We see nothing in this that was contrary to law. The case of *Whitaker* v. *Dumont,* 90 *N. J. L.* 383; 101 *Atl. Rep.* 561, is predicated upon a wholly different state of facts and a different state of the law.

It is next said that interest could not be included in the township's claim. This is not true. *Davis* v. *Newark,* 54 *N. J. L.* 144; 23 *Atl. Rep.* 276.

It is said that the maps made by the engineers did not show the rear boundary line of the parcels bordering on the improvement. The maps exhibited in the case do show such boundaries, but if otherwise, such failure would not be fatal. The boundaries of the prosecutors lands are clearly defined and the allowance of the writ expressly limited to the assessment against it.

Another contention is that the report fails to fix and determine the amount, if any, of the damage to the prosecutor's property. Unless such damage appears the commissioners would not be obliged to assess it, and in any event the assessment is presumed to be the net benefit accruing to the property assessed.

The remaining contentions seem to call for no special discussion. They are highly technical and without merit. There would appear to be no substantial reason for supposing that the prosecutor has been called upon to pay other than the

just portion of a burden equitably and justly assessed between himself and other property owners benefited by the improvement, and in the absence of such substantial claim, the court will not be astute to relieve the property owner at the expense either of the community or his co-owners upon grounds so purely technical as those here presented.

The assessment is affirmed.