[File No. 7201]

GENA JAMES, Appellant, v. ROBERT W. YOUNG; Mary A. Young; Stewart Doyle, Inc., a corporation; Dallas Iverson; and Hartford Accident and Indemnity Co., a foreign corporation, Respondents.

(43 NW2d 692)

452

Opinion filed July 29, 1950.  Rehearing denied August 17, 1950

*Burnett, Bergesen, Haakenstad & Conmy,* for ·appellant.

*Nilles, Oehlert & Nilles,* for respondents.

454

GRIMSON, J. The plaintiff brings this action for damages resulting from an automobile collision in the City of Fargo. In her complaint she alleges that she was, on March 11, 1948, a pay passenger in the taxicab driven by the defendant, Dallas Iverson, and owed by the defendant, Stewart Doyle, Inc., a corporation, engaged in the general cab business; that the defendant, Hartford Accident and Indemnity Company is a foreign corporation, engaged in the business of automobile liability insurance duly licensed in the State of North Dakota, and the insurer of the defendant, Stewart Doyle, Inc. indemnifying the public against damages from injury to person and property in the use

of its automobiles, as required by Article 22, Sec 306 of the Revised Ordinances of the City of Fargo, North Dakota, 1939, as amended by Ordinance No. 700 adopted December 29, 1943; that defendants, Robert W. Young and Mary A. Young, were husband and wife, owners of a Ford automobile used as a family purpose car; that at said time there was a collision between the cab driven by defendant Iverson, owned by defendant, Stewart Doyle, Inc., insured by the defendant, Hartford Accident & Indemnity Co., and the family car driven by the defendant, Mary A. Young, caused by the negligent and careless manner in which the defendant, Iverson, drove his cab and defendant, Mrs. Young, drove her automobile at a certain intersection in the City of Fargo. Plaintiff claims that by reason thereof she was seriously injured and claims $26,000.00 damages.

To this complaint the defendants, Stewart Doyle, Inc., Iverson and the Hartford Accident & Indemnity Co., interposed a separate demurrer on the grounds, first, that several causes of action were improperly united, and second, that plaintiff's complaint did not state facts sufficient to constitute a cause of action against such defendants. The district court made an order sustaining the demurrer and for the dismissal of the action. Plaintiff appeals from that order assigning as error the sustaining of the demurrer and the dismissal of the action.

The Fargo City Ordinance involved is set forth in the complaint and reads as follows:

## INSURANCE AND SURETY BOND REQUIRED

"The proprietors of licensed taxicab lines operating within the City of Fargo are hereby required to file with the City Auditor policies of insurance written by a company licensed to do business in the State of North Dakota or, in lieu thereof, a satisfactory surety bond indemnifying those using such taxicab line and the public in general against loss to person or property as follows:

(1) Indemnity against property damage for which the taxicab proprietor is legally liable in the sum of not less than One Thousand Dollars ($1,000.00);

(2) Indemnity against death or personal injury. for which the taxicab proprietor is legally liable, in the sum of not less than Ten Thousand Dollars ($10,000.00) if to any one person and/or Twenty Thousand Dollars ($20,000.00) if to more than one person involved in any one accident.

(3) The policy or bond shall contain a provision that the insurance company shall give the City Auditor fifteen (15) days notice of cancellation by registered mail.

(4) The form of, and sufficiency of, such policy or bond; and the surety thereon, shall be subject to the approval of the Board of City Commissioners."

As a ground for their claim that this complaint does not state a cause of action against them, respondents assert the invalidity of this ordinance. They argue that the city has no authority to pass an ordinance of this kind and that even if it had, it could not change a rule of public policy which they claim exists in North Dakota to the effect that the insurer cannot be joined with the insured as a defendant in the same damage action, nor the matter of insurance brought to the attention of the jury.

It is conceded that cities are merely agencies of the state and have only such powers as are expressly granted to them or such as may be necessarily implied from the powers granted. City of Fargo v. Sathre, 76 ND 341, 36 NW2d 39; Village of North Fargo v. Fargo, 49 ND 597, 192 NW 977; State ex rel. Dreyer v. Brekke, 75 ND 468, 472, 28 NW2d 598. The governing principles are well stated in Lang v. City of Cavalier, 59 ND 75, 228 NW 819:

"A municipal corporation takes its powers from the statutes which give it life, and has none which are not either expressly or impliedly conferred thereby or essential to effectuate the purposes of its creation. In defining the corporation's powers, the rule of strict construction applies, and any doubt as to their existence or extent must be resolved against the corporation; but, the existence and extent of such powers having been determined and measured, the rule of strict construction no longer applies, and the manner and means of exercising the same, where not prescribed by the legislature, are left to the discretion of the municipal authorities."

It is common knowledge that the driving and operation of a taxicab within a city limits is a difficult and dangerous operation. It involves traveling through congested traffic, sometimes on urgent missions requiring speed, traveling over all kinds and conditions of streets and across intersections used by pedestrians. The very nature of the operation of taxicabs emphasizes the need of throwing precautions about it. For the welfare of the people in such situations a resort to the police power is proper. Under that power statutory authority is granted to the city for that purpose in Sec 40–0501 NDRC 1943, which provides that:

"The governing body of a municipality shall have the power: (Subsec 27) To *license,* tax, *regulate,* and prescribe the rates charged by draymen, parcel delivery men, bus drivers, taxi drivers, porters, expressmen, watermen, and others pursuing like occupations, and the *operation of taxicabs."*

The City of Fargo has attempted by the Ordinance here involved to protect the public. It has attempted to provide security for all who have occasion to use the taxicab. It has made it a condition to the obtaining of a license and the operation of a taxicab, that the owner furnish an insurance policy "indemnifying those using such taxicab line and the public in general against loss to persons or property." Such policy is for the benefit of anyone injured in such taxicab. That is well within the authority granted by Subsec 27 of Sec 40–0501, supra.

"A municipality is limited to the exercise of such powers as are expressly conferred by statute, or as may be implied as necessarily incident thereto, still, in the exercise of such implied powers, it has the right to adopt all ordinary or usual means which may be necessary to their full execution. The regulation and control of Jitney bus traffic coming clearly within the powers of the municipality, the ordinance requiring the operators of such busses to furnish to the city a bond for the protection of persons who might be injured in the conduct of such business was the exercise of an ordinary and necessary means of regulating such traffic." Transylvania Casualty Insurance Company v. City of Atlanta, 35 Ga App 68, 134 SE 632.

"A municipality under its police powers to regulate the operation of public service motor vehicles within the city limits, may require such a bond, policy of liability insurance, or other security, as a condition to the operation of such motor vehicles for hire upon the streets of the municipality." 60 CJS 397.

Many cities have an ordinance like the one here in question and the courts have uniformly held such ordinances valid. Kruger v. Highway Indemnity Exchange, 201 Cal 672, 258 Pac 602; Grier v. Ferrant, 62 Cal App2d 306, 144 Pac2d 631; Sprout v. City of South Bend, 198 Ind 563, 153 NE 504, 49 ALR 1198; People's Taxicab Co. v. City of Wichita, 140 Kan 129, 183 SE 365; Packard v. Banton, 264 US 140, 44 S Ct 257, 68 L ed 596 and annotation; Steil v. City of Chattanooga, 177 Tenn 670, 152 SW2d 624.

The respondents, however, claim that this ordinance is against the general laws and public policy of the state and therefore invalid. They cite two statutes which prohibit making the insurer a defendant in a damage action against the insured and the bringing of the matter of insurance before the jury. They claim that establishes a public policy in this state.

The term "public policy" is vague and uncertain. Justice Story held that anything which "conflicts with the morals of the time, and contravenes any established interest of society" is against public policy. See Kitchen v. Greenabaum, 61 Mo 110, 115. It has been frequently held that "public policy is that principle of the law which holds that 'no one' can lawfully do that which has a tendency to be injurious to the public or against the public good." 50 CJ 858.

"It is generally recognized that the public policy of a state is to be found in its constitution and statutes. Only in the absence of any declaration in these instruments may it be determined from judicial decisions. The Supreme Court has pointed out the limitations both of judicial declaration of public policy and of the application of the theory, stating that the theory of public policy embodies a doctrine of vague and variable quality and, unless deducible in the given circumstances from constitutional or statutory provisions, should be accepted as the basis of a

judicial determination, if at all, only with the utmost circumspection." 11 Am Jur 813.

"Courts are not at liberty to declare a law void as in violation of public policy. Such policy is determined by the legislature, and the only limits upon the legislative power in such determination are those fixed in the state and Federal constitutions." State ex rel. Linde v. Taylor, 33 ND 76, 156 NW 561, LRA1918B 156, Ann Cas 1918A 583. See also Northern Pacific Railway Company v. Richland County, 28 ND 172, 148 NW 545, LRA1915A 129, Ann Cas. 1916E 574.

The two statutes cited are Sec 49–1833, NDRC 1934, providing that any common carrier must file a liability insurance policy to guarantee the payment of any loss or damage resulting from its negligence, and Sec 39–1611, 1949 Suppl NDRC 1943, a part of the financial responsibility act applying to those who have lost their driver's license. In both cases the probation against making the insurer a defendant and bringing the matter of insurance before the jury is limited to actions brought under these particular statutes and applies only to them.

Another declaration of the legislature bears upon this matter of whether such a policy as respondents claim has been established in this state. Sec 22–0206 NDRC 1943, provides:

"One who indemnifies another person against an act to be done by the latter is liable jointly with the person indemnified and separately to every person injured by such act."

This statute comes down to us almost verbatim from Sec 1356 of the Field Draft of the Civil Code for the State of New York, 1862, adopted as Sec 1644 of the Revised Code of the Territory of Dakota 1877. This statute has also been adopted by California, South Dakota and Montana. The courts in those states have differed in their construction thereof. In the case of Moore v. Los Angeles Iron and Sheet Company, et al. 89 Federal 73, the circuit court, S. D. California, held that said statute "includes all cases of indemnity against future contingenices." In Northam v. Casualty Company of America, 177 Federal 981, the Circuit Court D. Montana limits the section to apply only to cases of definite acts to be done by the indemnitee. This

court has had no occasions to construe that statute, but even under the Northam case construction the right of allowing at least some indemnitors to be included as defendants with the indemnitees has long been recognized in our laws.

The legislature has established a general policy in this state by the enactment of Sec 28-0206 NDRC 1943, which provides that:

"Any person who claims an interest in the controversy adverse to the plaintiff or who is a necessary party to a complete determination or settlement of the questions involved therein may be made a defendant."

This section, together with Sec 28-0703 NDRC 1943, hereinafter set out establishes the policy of avoiding multiplicity of suits. Appellees' contention would make for such multiplicity.

The respondents claim that the failure of the last legislature to pass House Bill 112 permitting the insurer to be made a co-defendant with the insured in actions brought for damages for willful acts and negligence under Sec 9-1006 NDRC 1943, supports their contention. House Bill 112 passed the House but was indefinitely postponed by the Senate. That cannot be said to indicate any intent on the part of the legislature. A public policy is declared by the action of the legislature not by its failure to act. Read v. Shuston, 24 Idaho 26, 132 Pac 109, 50 Am Jur 318.

The respondents urge that there exists in the minds of jurors prejudice against liability insurance companies, and that it is for that reason necessary, in all fairness, to keep their interest in the case away from the jury. That is an argument which should be addressed to the legislature.

Respondents further argue that the ordinance in question tends to establish a change in procedure if it is construed to allow the insured to be made a party defendant and that the city has no authority to make such a change. We do not find any merit in that contention. No such result follows the adoption of the ordinance. The ordinance gives a person injured in a taxi-cab, insured by a liability policy given under the ordinance, a direct interest in that policy. It is for his benefit. It makes the

insurer directly liable to such person on proof of the liability of the insured taxicab owner. That is substantive law and has nothing to do with procedure. The general provision as to who shall be made parties, Sec 28–0206, supra, controls the procedure and is not affected in any way by the ordinance. Under that section the insurer, unless specially excepted by law, may be made a party defendant under a policy such as is provided by the Fargo ordinance.

Finally, respondents cite Beardsley v. Ewing, 40 ND 373, 168 NW 791, in support of their contention. In that case the defendant was asked whether or not he was insured against loss from the negligence charged as a basis of the action. Objection was sustained but error was claimed because of the asking of the question. This court discussed the rule of evidence regarding the admission of such testimony and held that the injection of such matter was not under all circumstances reversible error and concludes that the matter of prejudice in such cases is in the first instance for the determination of the trial court. It was held in that case that the asking of the question was not reversible error though it brought the matter of liability insurance before the jury.

We do not find that there is any such policy established in this state as is contended for by the respondents. Cognate statutes are in conflict on that matter and there is nothing from which such a public policy can be inferred. The Fargo Ordinance cannot be held invalid on that ground. The complaint states a cause of action against all the defendants.

The respondents next argue that there is an improper joinder of causes of action. Our Sec 28–0703 NDRC 1943 provides:

"The plaintiff may unite in the same complaint several causes of action whether they are legal, equitable, or both, where they arise out of: 1. The same transaction or transactions connected with the same subject of action; . . . . The causes of action so united must all belong to one of these classes and, except in actions for the foreclosure of mortgages, must affect all the parties to the action, and not require different places of trial, and must be separately stated."

In construing this statute this court has said:

"An examination of the authorities will convince that the modern trend is favoring convenience in litigation and toward obviating multiplicity of suits; and that the code provisions as to joinder of causes of action and parties must be construed and applied, where possible, without substantial prejudice to the rights of litigants, in the light of said principles of convenience and finality of decision. 30 Cyc 1228; Fairfield v. Southport Nat. Bank, 77 Conn 423, 428, 59 Atl 513. As to what is meant by the word 'transaction' must be determined upon principle in each case." Stark County v. Mischel, 33 ND 432, 440, 156 NW 931.

In this case the cause of action stated against the defendants, the Youngs, the Stewart Doyle, Inc. and Iverson sounds in tort while the connection of the Hartford Accident & Indemnity Company with the cause of action is based upon contract. The tort is the negligent driving resulting in a collision of the cars alleged to have caused the damage. The contract is the insurance policy between the Doyle, Inc. and the Hartford Accident & Indemnity Company given under the ordinance, and "Indemnifying those using such taxicab line . . . against loss to person or property." The loss in this case is the damage alleged to have been suffered by the plaintiff as a result of such collision, caused by the negligence of the driver. Under these circumstances both causes of action arise out of the same transaction or transactions connected with the same subject of action, namely, the negligent driving resulting in the collision and damage.

Section 427 of the California Code of Civil Procedure specifically provides, like our Sec 28–0703 NDRC 1943, that several causes of action may be united in the same complaint where they arise "Out of the same transaction or transactions connected with the same subject of action." In Grier v. Ferrant, supra, the California Supreme Court holds:

"A taxicab company and its liability insurer were not improperly joined as parties defendant in action for injuries caused by company's negligence, because one action sounded in tort and

the other in contract, since whatever liability was incurred by insurer arose out of the tort action."

In Fraher v. Eisenmann, 94 Cal App 48, 270 Pac 704, the Court held:

"Where policy insuring jitney driver was issued pursuant to city and county ordinance insurance carrier was properly joined as a party defendant in action for injuries from operation of jitney provided insurance policy or ordinance provided that it should insure to the benefit of the public."

See also Gugliemetti v. Graham, 50 Cal App 268, 195 Pac 64; Connell v. Clark, 88 CA2d 941, 200 Pac2d 26; American Automobile Ins. Co. v. Strawe (Texas) 218 SW 534; Hodges v. Wells, 226 Ala 558, 147 So 672.

In Safeway Cab Co. et al. v. McConnel, 181 Okla 612, 75 Pac 2d 884, the court holds:

"Under city ordinance requiring taxicab company to provide insurance coverage for each taxicab operated by it, purpose of which is to protect the public, plaintiff injured by taxicab operating under such ordinance may join insurance company as party defendant."

That principle has been upheld in many Oklahoma cases even where the policies are not as strong as the case at bar. Temple v. Dugger, 164 Okla 84, 21 Pac2d 482; Jacobson v. Howard, 164 Okla 88, 23 Pac2d 185; Graves v. Harrington, 177 Okla 448, 60 Pac2d 622; Enders v. Longmire, 179 Okla 633, 67 Pac2d 12; Miner v. Fowler, 180 Okla 45, 6 Pac2d 799.

In the case of Dunn et al. v. Jones et al. 143 Kan 218, 53 Pac 2d 918, the policy filed by a motor company included a clause "indemnifying against the condition of being liable." The court held obligation may be enforced by action brought directly against the insurer by the person sustaining the injury.

"An automobile liability insurer made directly liable by the statute for a liability created by the owner of the automobile is properly joined as defendant in an action against the owner." 5 Am Jur 332. See also Biller v. Meyer (CCA7th) 33 F 2d 440, 66 ALR 436.

Some cases have been cited by the respondents where joinder of insurer and insured have not been permitted. An examina-

tion of those cases, however, shows that the statutes involved differ from those in North Dakota or that the policies under which the action was brought have provisions different from those provided by the Fargo ordinance.

For instance in the case of Ellis v. Bruce, 215 Ia 308, 245 NW 320, cited by respondents the policy was one of indemnity for the insured against ultimate loss by the insured rather than against the condition of his being liable. Then the Iowa statutes provided that "should an execution on a judgment against the insured be returned unsatisfied . . . the judgment creditor shall have a right of action against the insurer." Sec 8940 Subd 5 Par E Ia Code 1931. And Sec 5105–a 26 provided that the insurance policy shall contain a proviso to the effect that anyone having a right of action against the motor carrier for injuries may bring an action for recovery directly upon such insurance policy "when service cannot be obtained on the motor carrier." In that case service had been made on the motor carrier. In view of these statutes and provisions of the policy the court held that the insured and the insurer could not be joined in the same action.

In the case of Common School District v. Inch, 56 SD 502, 229 NW 380, relied on by respondents, the action was against a defaulting treasurer, his surety, and a bank, claimed to be liable for part of the loss. The court said there was "no connection or privity whatever between the bond surety and appellant bank," and held that "persons who have no interest in common, and whose liabilities depend upon causes of action which are essentially distinct, cannot be joined as defendants even in alternative." In Zeigler v. Ryan, 63 SD 607, 262 NW 200, the provisions of the policy prevented the joinder of parties. The court, however, said: "There are authorities which hold that suit may be brought against the insured and the insurer in one action. Those cases indicate that the policies were issued for the use and benefit of anyone injured, and in some cases the policies were written to comply with an ordinance or statute permitting the operation of vehicles, and in those cases the ordinances or statutes might become a part of the policy or bond. The facts in the case before us are entirely different."

In the case of Whitehorn v. Nash-Finch Co. 67 SD 465, 293 NW 859, another of respondents' citations, the plaintiff sued defendants for damages for selling poisoned candy. The court found that the causes of action did not arise out of the same transaction. That was also the situation in Mares v. Wormington, 8 ND 329, 79 NW 441.

Smith Stage Co. v. Eckert, 21 Ariz 28, 184 Pac 1001, 7 ALR 995, is not applicable because the common law controls in Arizona and joinder of actions in tort and contract is not permitted. National Mutual Casualty Company v. Blackford, 200 Ark 847, 141 SW2d 54, cited by appellees is not authority for them because the statute provided for the payment by the insurance company only after a final judgment was obtained against the insured. Neither is the case of Russell v. Burroughs, 183 Ga 361, 188 SE 451, because the Georgia Code (Sec 3–113) does not provide for the joinder of causes of action on contract and tort. The statute applicable in Kessleff v. Sunset Highway Motor Freight Company, 187 Wash 642, 60 P2d 720, differ from our statutes.

The weight of authority in states where the statutes on joinder of causes of action are similar to ours is to the effect that suit may be brought jointly against the insured and the insurer on causes arising out of the same transaction under policies issued for the benefit of the one injured. See Curtis v. Michaelson, 206 Ia 111, 219 NW 49; Connell v. Clark, 88 CA2d 941, 200 Pac2d 26; Hodges v. Wells, 226 Ala 558, 147 So 672; Safeway Cab Co. v. McConnell, 181 Okla 612, 75 Pac 1050; Scott v. Wells, 214 SC 511, 53 SE2d 400; Dunn v. Jones, 143 Kan 218, 53 P2d 918. Annotation 68 L Ed 597; Blashfield's Cyclopedia of Automobile Law and Practice, Vol 9, Sec 5874, page 181.

The order of the district court sustaining the demurrer is reversed and the case remanded to the district court with directions to overrule the demurrer and give the respondents time to answer.

NUESSLE, C. J., CHRISTIANSON, BURKE and MORRIS, JJ., concur.