M. E. HOFFMAN et al., Plaintiffs and
Respondents,

v.

CITY OF MINOT, a Public and Municipal
Corporation, et al., Defendants
and Appellants.

No. 7575.

Supreme Court of North Dakota.

July 2, 1956.

Bosard & McCutcheon and Eugene Coyne, Minot, for defendants and appellants.

Paul Campbell, Minot, for plaintiffs and respondents.

JOHNSON, Judge.

The sole question before us in this case is whether an item of $557.49 for "construction interest" may properly be included in the total cost of "Storm Sewer District No. 54" improvement of the City of Minot, North Dakota.

The plaintiffs, as taxpayers and owners of real property situated in the improvement district known as "Storm Sewer District No. 54", Minot, North Dakota, brought an action for themselves and all taxpayers and others similarly situated challenging the validity of the proceedings had and taken for the establishment of this storm sewer district on various grounds, and requested an injunction restraining the defendants from further proceedings.

The defendants answered asserting the validity of the proceedings taken in the establishment of the storm sewer district. The trial court held for the defendants, except that it reduced the special assessments in the sum of $557.49, representing the "construction interest" included as a part of the total cost of the improvement. Judgment was entered accordingly. The defendants appeal from the whole of the judgment challenging the trial court's elimination of the item of "construction interest" as a part of the total cost of the improvement. They specify as error the requirement that the assessments be reduced by the amount of the "construction interest." The plaintiffs did not appeal.

"Construction interest" is that sum of money estimated for payment of interest on special assessment warrants sold to defray the cost of an improvement from the time of such sale until special assessments become due and payable and begin to draw interest. This sum is added to the cost of the improvement and is included in the total amount of the special assessment warrants issued and sold.

The precise question for our determination is whether "construction interest", as herein defined, may be included in the total amount of special assessment warrants sold, as a part of the total cost of the improvement, and assessed against the benefited property.

Do the present statutes authorizing improvements to be financed by special assessments furnish authority by which a municipality may assess, as a part of the total cost of the improvement, interest accruing during the construction of the improvement and until the special assessments become due and payable and begin to draw interest?

Municipal corporations possess only the powers expressly granted, those necessarily implied in, or incident to, powers expressly granted, and those indispensable to the declared objects and purposes of the corporation. Stern v. City of Fargo, 18 N.D. 289, 122 N.W. 403, 26 L.R.A.,N.S., 665; Lang v. City of Cavalier, 59 N.D. 75, 228 N.W. 819; Harding v. City of Dickinson, 76 N.D. 71, 33 N.W.2d 626; James v. Young, 77 N.D. 451, 43 N.W.2d 692, 20 A.L.R.2d 1086.

By express authority of statute, a municipality upon compliance with Chapter 40–

22 NDRC 1943 as amended, may defray the expense of the improvement of a sewer system by special assessments. Section 40-2201(2) NDRC 1953 Supp.

A municipality, at any time after making the contract for any improvement to be financed by special assessment and in anticipation of the levy and collection of such assessments, may issue warrants on the special assessment fund created for that purpose, payable at specified times, except that the first maturity date of any of the warrants "shall be not less than two years from the date of issuance." Such warrants shall bear interest at the rate of not to exceed 7 per cent per annum payable annually or semiannually. Section 40-2419 NDRC 1943.

Special assessment warrants may be used in making payments on contracts for the improvements for which the special assessment fund was created or may be sold for cash at not less than the par value thereof and the proceeds thereof credited to such fund and used for paying for such improvements. Section 40-2421 NDRC 1943.

In calling for bids the governing body of the municipality may require bidders to state also the rate of interest, not exceeding 7 per cent per annum, which the warrants to be received and accepted by the bidder at par in payment for the work shall bear. Section 40-2219 NDRC 1953 Supp.

The total cost of an improvement which may be certified to the assessment commission shall include (1) the estimated construction cost under the terms of the contract, (2) a reasonable allowance as determined by the governing body for cost of extra work which may be authorized under the plans and specifications, (3) engineering, fiscal, agents' and attorneys' fees for any services in connection with the authorization and financing of the improvement, cost of publication of required notices and printing of improvement warrants, *and all expenses incurred in the making of the improvement and levy of assess-*

*ments therefor.* Section 40-2305 NDRC 1953 Supp. (Emphasis supplied.)

It is interesting to note that under Section 40-2419 NDRC 1943, the legislature has recognized that there should be considerable lapse of time between the issuance of special assessment warrants and the first maturity date of any such warrants, which "shall be not less than two years from the date of issuance." This no doubt was provided to enable the municipality to make collections of the special assessments to meet the first maturity date of the warrants.

"An assessment cannot exceed the cost of the improvement for which it is assessed, although it may include an amount to pay interest on the money borrowed to make the improvement." 48 Am.Jur., Special or Local Assessments, Section 49, p. 605; Hanson v. City of Havre, 112 Mont. 207, 114 P.2d 1053, 1059, 135 A.L.R. 1278.

In that case it was said:

"Assessments may be made to include interest on money borrowed to make an improvement. 44 C.J. 647; and see State ex rel. Griffith v. City of Shelby, 107 Mont. 571, 87 P.2d 183. Obviously the interest rate of the bonds is an important element considered in their sale, and when the rate was fixed within the limit provided for by statute, there can be no valid objection to including it as a part of the cost of the improvement, warranting the levying of assessments therefor."

It also seems obvious that another important element to be considered in the sale of special assessment warrants is the assurance of an adequate fund to be obtained from the special assessments levied and assessed against the benefited property to insure the payment of all principal and interest that will accrue on the special assessment warrants from the date of their sale to maturity. If "construction interest", as

herein defined, is not properly a part of the total cost of the improvement to be financed by special assessments, then the interest accruing during the construction period of the improvement until the special assessments become due and payable and begin to draw interest will not accrue to the fund out of which the special assessment warrants must be paid. All special assessments levied become due and payable ten days after they have been approved by the governing body and thereafter shall bear interest at a rate of not exceeding 7 per cent per annum on the total amount thereof remaining from time to time unpaid. Section 40–2402 NDRC 1943.

In the cases of Baker v. City of Elizabeth, 37 N.J.L. 142, it was held that where bonds have been sold by a city to raise money in anticipation of a street improvement, and the proceeds in the meantime have been used by the city for other purposes, it is not lawful to include interest during that time, in the estimate of the expenses of the improvement to be assessed on the landowners. But if bonds have been sold by the legislative authority, at less than par, the discount can be included in the estimate. In dealing with this phase of the case, the court said:

"Under these powers the city could reasonably anticipate the necessity of money to pay for the improvement, and raise it by a sale of the bonds at their market value. In such a case the necessary discount could properly be considered as a part of the expense of the improvement."

By analogous reasoning under the express authority of the statutes authorizing improvements by special assessments, Chapter 40–22 NDRC 1943 as amended, the assessment of benefits, Chapter 40–23 NDRC 1943 as amended, and special assessment funds and disbursements thereof, Chapter 40–24 NDRC 1943 as amended, and as an incident to the express powers granted, if it becomes necessary or desirable, or both, to sell special assessment warrants to finance the payment of an improvement, the governing body of a municipality may add the "construction interest", as herein defined, to the total cost of the project. See also Kohler v. Town of Guttenberg, 38 N.J.L. 419; Skinkle v. Inhabitants of Clinton Tp., 39 N.J.L. 656. These cases hold that interest upon money borrowed to carry on an improvement forms a part of the expense for which an assessment may be imposed. Davis v. City of Newark, 54 N.J.L. 144, 23 A. 276.

█ The express authority of the statutes to issue and sell interest bearing special assessment warrants to finance a special assessment improvement, to certify to the chairman of the special assessment commission "the items of the total cost thereof so far as the same have been ascertained", necessarily implies as an incident of the express powers granted, the authority of the governing body of the municipality to assess against the benefited property the item of "construction interest", as herein defined, and is within the terms of the statute when it authorizes the inclusion of "all expenses incurred in the making of the improvement and levy of assessments therefor". Section 40–2305 NDRC 1953 Supp. "Construction interest", as herein defined, is a part of the expense of the improvement.

On the basis of the contentions made in the case at bar it appears that the "construction interest" was not computed for the period that we have determined to be the time involved. If this interest is calculated for the time that we have determined is proper, it is chargeable as a part of the total cost of the improvement. The facts as stipulated do not disclose the date of the special assessment warrants, the rate of interest that they draw, or the maturity dates thereof. We are, therefore, unable to determine the amount of the "construction interest" as defined in this opinion which is properly chargeable as a part of the total cost of the improvement and which may be assessed as a part thereof.

Accordingly the record is remanded with directions to the trial court to ascertain the exact amount of the "construction interest", as herein defined, that may properly be assessed as a part of the total cost of the improvement and to modify the judgment to include the amount thereof.

The case is remanded to the district court for further proceedings in conformity with this opinion.

BURKE, C. J., and SATHRE, MORRIS and GRIMSON, JJ., concur.