Argued December 16, modified December 23, 1970

SISTERS OF ST. MARY, INC. ET AL, *Respondents,*
*v.* CITY OF BEAVERTON ET AL, *Appellants,*
SISTERS OF ST. MARY, INC. ET AL, *Respondents,*
*v.* CITY OF BEAVERTON, *Appellant.*

478 P2d 412

*Rodney C. Adams* and *Jon B. Lund,* Beaverton, argued the cause for appellants. With them on the briefs were Thompson & Adams, Beaverton.

*Joe Bailey,* Hillsboro, argued the cause for respondents. With him on the brief were Schwenn, Bradley & Batchelor, and Carrell F. Bradley, Hillsboro.

Before Schwab, Chief Judge, and Langtry, Branchfield, and Holman, Judges.

HOLMAN, J., (Pro Tempore.)

Plaintiffs, property owners, brought a declaratory judgment proceeding and a writ of review, both of which challenged certain portions of an assessment against plaintiffs' property for street improvements levied by the city of Beaverton. The two cases were consolidated for trial. The city appealed from decrees excluding from the assessment two items of the city's cost.

The city adopted an ordinance for the widening, paving and further improvement of S. W. 142nd Street. The street is intersected by the tracks of the Southern Pacific Railroad. As a prerequisite to improving that portion of the street occupied by the railroad right

of way, the Oregon Public Utility Commission required the installation of a railroad gate crossing signal to be paid for in equal shares by the city and the railroad. A prorata share of the city's portion of the cost of installing the signal was assessed to plaintiffs' property as part of the cost of the street improvement. The trial court sustained a challenge by plaintiffs to that portion of the assessment attributable to the signal upon the ground, among others, that the signal was of no benefit to plaintiffs' property. The city contends the trial court's ruling was error.

■■ Special assessments can be levied only upon property which is specially benefited by the improvement for which the levy is passed. *Stanley v. City of Salem*, 247 Or 60, 64, 427 P2d 406 (1967). To specially benefit property, the improvement must bring to it a benefit substantially more intense than that which is realized by the rest of the municipality. *Fisher et al v. City of Astoria*, 126 Or 268, 277, 269 P 853, 60 ALR 260 (1928).

■ The installation of the signal, as differentiated from the balance of the street improvement, was of no more benefit to plaintiffs' property than it was to the balance of the city. The city argues that the street could not have been improved without compliance with the Public Utility Commission's order, and, therefore, the signal was of special benefit to plaintiffs' property. We hold that this is not the sort of benefit contemplated by the rule. We believe it is the actual use to which the improvement is put which determines whether it is of special benefit to the property within the improvement district. The assignment of error is without merit.

The city also assessed, as part of the cost of improving the street, the interest charge on construction warrants for the period prior to assessment and levy upon the property. This usually is referred to as "construction interest." The trial court ruled that this portion of the assessment was also invalid. Here, too, the city assigns such holding as error.

■ It is the general rule that a city, if authorized, may include in a special assessment the cost of construction interest. *See* Annotation, "Power to Include in Special Assessment Interest Accruing During the Construction of the Public Improvement and Running Until Special Assessments Therefor Become Due," 58 ALR2d 1343 (1958) and cases cited therein.

■ The plaintiffs contend that the city's legislative acts failed to authorize the assessment of such interest. The city's general ordinance relating to improvements provided as follows:

> "The entire cost of the improvement shall be computed * * * which cost includes * * * necessary expenses of said street improvement."

The ordinance then provides for the assessment of such costs upon the property benefited. The particular ordinance which authorized the work in question provided for the assessment of the costs as follows:

> "* * * The cost and expenses of the improvement hereinabove mentioned and to be made shall also include all expenses incurred by the City of Beaverton in said project * * *."

We conclude that construction interest is within the contemplation of "necessary expenses" and "all expenses" and, therefore, the cost of such interest could be assessed against plaintiffs' property.

A similar situation arose and received similar treatment in *Hoffman v. City of Minot*, 77 NW2d 850, 58 ALR2d 1338 (ND 1956). It was held that an assessment covering construction interest was authorized by a statute which provided the assessment of "* * * all expenses incurred in the making of the improvement * * *."

The decree of the trial court is modified to allow the levy of an assessment against plaintiffs' property for the cost of construction interest.